[Cite as *State ex rel. Yeaples v. Gall*, 2013-Ohio-2207.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99454**

# STATE OF OHIO, EX REL.,
# DONALD YEAPLES AND DEBRA YEAPLES

RELATORS

vs.

# HONORABLE STEVEN E. GALL, ET AL.

RESPONDENTS

## JUDGMENT:
WRITS GRANTED

Writs of Mandamus and Procedendo
Motion Nos. 463412, 463958, and 464793
Order No. 465079

**RELEASE DATE:** May 24, 2013

**ATTORNEYS FOR RELATORS**

Paul W. Flowers
Paul W. Flowers Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113

W. Craig Bashein
Bashein & Bashein Co., L.P.A.
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113


**ATTORNEYS FOR RESPONDENTS**

**For Steven E. Gall, Judge**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Charles E. Hannan, Jr.,
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, OH    44113

**For Gary Cole and Precision Directional Boring, L.L.C.**

Julius Trombetto
Carolyn M. Cappel
Shawn W. Maestle
Weston Hurd L.L.P.
The Tower at Erieview
1301 East 9th St., Ste. 1900
Cleveland, OH 44114

TIM McCORMACK, J.:

{¶1}   On January 24, 2013, the relators, Donald Yeaples and Debra Yeaples, commenced this extraordinary writ action, stating claims in mandamus and procedendo, against the respondents, Cuyahoga County Common Pleas Court Judge Steven E. Gall, Precision Directional Boring L.L.C. (hereinafter "Precision"), and Gary Cole.   The relators seek to compel Judge Gall in the underlying case, *Yeaples v. Precision Directional Boring L.L.C.,* Cuyahoga C.P. No. CV-773151, to vacate the court's March 28, 2012 and January 4, 2013 orders finding venue improper in Cuyahoga County and transferring the underlying case to the Medina County Common Pleas Court and to try the underlying case.

{¶2}   On March 20, 2013, Judge Gall, through the Cuyahoga County Prosecutor, moved for summary judgment.   The relators filed their brief in opposition and a cross-motion for summary judgment on April 9, 2013.   Judge Gall filed his opposition to the cross-motion for summary judgment on April 29, 2013.   On May 7, 2013, Precision and Cole filed their motion for summary judgment.   The gravamen of this case is whether the relators stated a claim for intentional workplace tort against Gary Cole.   If they did, then venue is proper in Cuyahoga County and a writ will issue for Judge Gall to proceed with the case; if they do not, then Judge Gall was correct in transferring the underlying case to Medina County, and a writ will not lie.   The court has reviewed the

materials submitted, and this matter is ripe for resolution. For the following reasons, this court grants the relators' motion for summary judgment, denies the respondents' motions for summary judgment, and grants the writs of mandamus and procedendo. Judge Gall is directed to vacate the orders transferring the underlying case to the Medina County Common Pleas Court and proceed to judgment on the underlying case.

FACTUAL AND PROCEDURAL BACKGROUND

{¶3} On January 10, 2010, Donald Yeaples, a resident of Lorain County, and Gary Cole, a resident of Cuyahoga County, were working for respondent Precision that has its principal place of business in Medina County. Yeaples and Cole were identifying residential connections with storm, sanitary, and/or water pipes crossing the road at a residence in Summit County to prepare a bore path for a water main. Cole was operating a mini excavator. The homeowners notified Yeaples that they needed to back their vehicle out of the driveway, and Yeaples told this to Cole. Cole nodded his assent, and Yeaples went to the rear of the excavator to guide the homeowners. As Yeaples was doing this, the excavator ran over him.

{¶4} On January 10, 2012, the relators commenced the underlying case against Precision, Cole, and various John Does[1] in Cuyahoga County. In the complaint, the relators stated the basic facts that at the job site, Cole backed up the mini excavator over

---

[1] Only Precision, Cole, and Count 1 are relevant to the instant action. Count 2 is a claim for negligence against the John Does, and Count 3 is a claim under the Ohio Frequenter Statute against the John Does. In Count 4, Debra Yeaples asserts her claim for loss of consortium against all the defendants.

Donald Yeaples and injured him. They further asserted that the excavator did not have safety equipment, including a rearview mirror or a backup alarm, and was not in compliance with federal and Ohio law.

{¶5} The relators designated Count 1 as "Workplace Intentional Tort."[2] Eleven times throughout this count, the relators referred to "defendants" plural. Four times they asserted that "[a]s a direct and proximate result of the Defendants' tortious conduct," Donald Yeaples was injured in various ways. Only once in this count did the relators refer to "defendant" in the singular: "Defendant's deliberate removal and/or deliberate refusal to use safety guards and safety devices is a presumption of specific intent as set forth in Section 2745.01(C) of the Ohio Revised Code." At all other times in Count 1, the relators used the plural form of "defendant." At no time did they otherwise specifically mention or distinguish between Precision and Cole.

{¶6} On February 8, 2012, Precision moved to dismiss the complaint or in the alternative to transfer for improper venue. Precision argued that venue could be proper in Cuyahoga County only if Cole was a properly named defendant.[3] However, Cole

---

[2] Count 1 consists of paragraphs 13 through 25 of the complaint.

[3] Civ.R. 3(B) provides in pertinent part as follows: "Proper venue lies in any one or more of the following counties: (1) The county in which the defendant resides; (2) The county in which the defendant has his or her principal place of business; (3) A county in which the defendant conducted activity that gave rise to the claim for relief; * * * (6) The county in which all or part of the claim for relief arose * * *."

Civ.R. 3(E) provides in pertinent part as follows: "In any action brought by one or more plaintiffs against one or more defendants involving one or more claims for relief, the forum shall be deemed a proper forum, and venue in the forum shall be proper, if the venue is proper as to any one

could not be a proper party because R.C. 4123.741 provides for co-employee immunity: no employee shall be liable in damages for any injury received by any other employee of such employer in the course of the latter employee's employment. Precision further asserted that the complaint did not allege any specific tort against Cole. Precision concluded that the relators named Cole as a nominal defendant solely for the purposes of forum shopping. Cole joined in this motion on February 21, 2012. The relators countered that a co-employee could be liable for an intentional workplace tort and that Cole "appreciated" that Donald Yeaples was behind the excavator, that the excavator lacked necessary safety equipment, and that Cole backed up the excavator anyway in a substantial certainty of injury to Yeaples. On March 28, 2012, the Cuyahoga County Common Pleas Court judge[4] granted the motion to transfer and transferred the underlying case to the Medina County Common Pleas Court, Case No. 12 CIV 0660.

{¶7} On May 30, 2012, the relators moved the Medina County Common Pleas Court to reconsider and refuse the transfer of venue. On June 28, 2012, the Medina County judge conducted an oral hearing on the venue issue. On July 17, 2012, the judge issued a four-page journal entry finding the possibility that co-employee immunity may not exist in this case and ruling that Count 1's use of "Defendants" broadly stated a complaint for workplace intentional tort to encompass a claim against Cole. Therefore,

---

party other than a nominal party, or as to any one claim for relief."

[4] At that time, Judge Annette Butler presided over the underlying case.

because venue is proper in Cuyahoga County, the court transferred the case back to Cuyahoga County.

{¶8} On August 16, 2012, Precision and Cole moved the Cuyahoga County Common Pleas Court to refuse venue and affirm the March 28, 2012 order. They asserted that the Medina County court erred in concluding the complaint stated a claim against Cole. In reality, they argued Cole is only a nominal party, which is insufficient to vest venue in Cuyahoga County. After further briefing, on January 4, 2013, respondent Judge Gall, who succeeded Judge Butler, summarily granted the motion to refuse venue and transferred the underlying case to Medina County.

{¶9} On January 24, 2013, the relators commenced this writ action, and on January 25, 2013, moved the Medina County judge to stay the underlying case. On February 13, 2013, the Medina County judge granted the stay, and declined to either accept or reject transfer of this case until this court adjudicated this original action.

LEGAL ANALYSIS

{¶10} This court rules that the relators' complaint in the underlying case does state a claim of workplace intentional tort against Cole. Although the drafting of the complaint could have and should have been better and clearer, the consistent and repeated use of "defendants" in the plural shows that the relators intended to include Cole in Count 1 as a tortfeasor and not as just a nominal party. The sole use of "defendant's" in paragraph 20 does not change this analysis. It would be appropriate to change to singular to aver that Precision removed the safety equipment. Moreover, including Cole in Count 1 would properly apply the liberal pleading standards of Civ.R. 8.

{¶11} The respondents argue that Cole must be a nominal party, because of the principle of co-employee immunity pursuant to R.C. 4123.741. However, this argument is not persuasive. In the seminal case of *Blankenship v. Cincinnati Milacron Chems., Inc.,* 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), the Supreme Court of Ohio in the syllabus specifically held that R.C. 4123.741 does not preclude an employee from seeking a common law remedy for intentional tort. This court further notes that Blankenship sued his co-employees in that case. Furthermore, this court in *Lacava v. Walton*, 8th Dist. No. 69190, 1996 Ohio App. LEXIS 2420 (June 13, 1996), ruled that R.C. 4123.741 does not act as a bar to an employee's intentional tort claim against a co-employee. *Stockum v. Rumpke Container Serv., Inc.,* 21 Ohio App.3d 236, 486 N.E.2d 1283 (1st Dist.1985). Thus, it is possible and permissible to state an intentional tort claim against a co-employee, and the relators, however inartfully, have done so in this case.

**{¶12}** The respondents' reliance on *Sprouse v. Kall*, 8th Dist. No. 82388, 2004-Ohio-353, that the inconsistent use of singular and plural shows that a party was not included in the intentional tort claim is misplaced. In that case, the history of the litigation, especially the motion to amend the complaint, showed that the plaintiff no longer sought to include Sunoco in the intentional tort claim, but would pursue only a negligence claim against Sunoco. Therefore, the inconsistent use of singular and plural in the intentional tort claim would not be controlling. In the present case, the litigation history indicates that the relators intended to include Cole in Count 1. Moreover, *Sprouse* affirms the liberal pleading standards of Civ.R. 8.

**{¶13}** The respondents further argue that mandamus and procedendo are not proper remedies to contest a venue ruling; appeal after full litigation is the proper remedy. The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Although mandamus should be used with caution, the court has discretion in issuing it. In *Pressley*, paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice

to be done." Similarly, the writ of procedendo is merely an order from a court of superior jurisdiction to one of inferior jurisdiction to proceed to judgment. *Yee v. Erie Cty. Sheriff's Dept.*, 51 Ohio St.3d 43, 553 N.E.2d 1354 (1990). Procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 1998-Ohio-190, 696 N.E.2d 1079. It will not issue when there is an adequate remedy at law. *State ex rel. Hansen v. Reed*, 63 Ohio St.3d 597, 589 N.E.2d 1324 (1992). The court notes that the respondents have cited several cases that hold appeal after a final resolution to address venue issues is an adequate remedy at law precluding an extraordinary writ.

{¶14} However, extraordinary writs have been used to resolve venue disputes. *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas,* 106 Ohio St.3d 151, 2005-Ohio-4103, 832 N.E.2d 1206; *State ex rel. Ohio State Racing Comm. v. Walton*, 37 Ohio St.3d 246, 525 N.E.2d 756 (1988); *State ex rel. Starner v. DeHoff*, 18 Ohio St.3d 163, 480 N.E.2d 449 (1985); and *State ex rel. Wood v. McCrystal*, 97 Ohio App.3d 419, 646 N.E.2d 1130 (6th Dist.1994).

{¶15} *Smith* is particularly instructive. In that case, Smith brought a medical malpractice case in Cuyahoga County against the Cleveland Clinic and various other doctors and hospitals. The Cuyahoga County judge transferred the case to Wayne County, because a substantial portion of treatment occurred in Wayne County. Smith reached a partial settlement and dismissed her remaining claims against the Cleveland

Clinic without prejudice. She then recommenced her lawsuit solely against the Cleveland Clinic in Cuyahoga County. The Cuyahoga County judge again transferred venue to Wayne County. However, the Wayne County court refused the transfer and returned the case to Cuyahoga County because the Cleveland Clinic has its principal place of business in Cuyahoga County and the case was properly venued there. Nevertheless, the Cuyahoga County judge transferred venue back to Wayne County. At that time, Smith brought a mandamus action to compel the Cuyahoga County Court of Common Pleas to vacate the orders transferring venue to Wayne County and to adjudicate the case.

{¶16} The Supreme Court of Ohio granted the writ, holding that Smith's medical malpractice case was properly venued in Cuyahoga County because Cleveland Clinic's principal place of business was there. The Supreme Court of Ohio further held that appeal would not be an adequate remedy at law, because with both courts in their most recent decisions refusing to accept jurisdiction, waiting for an appeal, if the case ever proceeded to resolution, would not be a complete, beneficial, and speedy remedy.

{¶17} This court concludes that *Smith* is controlling. The procedural postures of the two cases are indistinguishable. The Cuyahoga County court has twice transferred venue to another court, and the Medina County court, in a written opinion, has concluded that venue was proper in Cuyahoga County. Following the example of the Supreme Court of Ohio, this court will issue the writs to cut the "Gordian knot" of venue in this case.

{¶18} The respondents suggest that this matter is moot, because the Medina County court has accepted jurisdiction. However, the Medina County court's pronouncement that it will neither accept nor decline jurisdiction until this court's ruling is inconsistent with the notion that it has accepted the case.

{¶19} In summary, the relators have stated a claim for workplace intentional tort against Cole, as shown by the repeated use of "defendants" in Count 1. Because Cole resides in Cuyahoga County, venue is proper there, and the case should not be transferred to another county on the basis of venue. The issues of whether Cole actually committed an intentional tort or whether statutory authority precludes the claim against Cole have yet to be determined, and this court expresses no opinion on those issues. Given the peculiar procedural posture of this matter, the extraordinary writs of mandamus and procedendo are appropriate remedies.

{¶20} Accordingly, this court denies the respondents' motions for summary judgment and grants the relators' motion for summary judgment. This court grants the writs of mandamus and procedendo to compel the respondent judge to vacate the orders transferring the underlying case, to accept venue over the underlying case, and to adjudicate the merits of the case. Costs assessed against respondents. This court directs the clerk of court to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶21} Writs granted.

_____

TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., and
EILEEN A. GALLAGHER, J., CONCUR