[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Yeaples v. Gall*, Slip Opinion No. 2014-Ohio-4724.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4724

THE STATE EX REL. YEAPLES ET AL., APPELLEES, *v*. GALL, APPELLEE;

PRECISION DIRECTIONAL BORING, L.L.C., ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Yeaples v. Gall*, Slip Opinion No. 2014-Ohio-4724.]**

*Venue—Civ.R. 3—Nominal parties—Writs of mandamus and procedendo denied.*

(No. 2013-0941—Submitted June 25, 2014—Decided October 28, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County,

No. 99454, 2013-Ohio-2207.

_____

**O'CONNOR, C.J.**

**{¶ 1}** In this appeal, we are asked to determine whether the relators-appellees are entitled to writs of mandamus and procedendo to compel the Cuyahoga County Common Pleas Court to vacate prior transfer orders and adjudicate relators' claims on the merits.  For the reasons that follow, we

must answer that question in the negative. Therefore, we reverse the appellate court's judgment and deny relators' request for the writs.

### RELEVANT BACKGROUND

{¶ 2} Relator-appellee Donald Yeaples was an employee of respondent-appellant Precision Directional Boring, L.L.C. Respondent-appellant Gary Cole was Yeaples's coworker at Precision.

{¶ 3} In January 2010, Yeaples and Cole were on a job site in Summit County to identify residential connections for storm, sanitary, and water pipes potentially in the path of a planned water main. The job site was located in front of a private, residential driveway. The homeowner notified Yeaples that he needed to back out of the driveway. Yeaples relayed this information to Cole, who was operating an excavator. Yeaples then went to the rear of the excavator to direct the homeowner out of the driveway. While there, Yeaples was struck and injured by the excavator.

{¶ 4} In January 2012, Yeaples and his wife, relator Debra Yeaples, commenced an action in the Cuyahoga County Common Pleas Court against Precision, Cole, and various John Does, asserting claims for workplace intentional tort, negligence, violation of Ohio's frequenter statute, R.C. 4101.11, and loss of consortium. Relevant to this appeal is Count I, entitled "Workplace Intentional Tort," against Precision and Cole.

{¶ 5} In February 2012, Precision moved to dismiss the complaint or to transfer for improper venue. Cole, as a resident of Cuyahoga County, is the only party with a connection to that forum. Precision has its principal place of business in Medina County, and the Yeapleses are residents of Lorain County.

{¶ 6} Precision argued that Cole was immune from suit under R.C. 4123.741, which precludes recovery of damages from a co-employee for an injury received in the course of and arising out of the employment. Precision

2

asserted that because the complaint failed to allege that Cole had committed an intentional tort, Cole was not a proper defendant and therefore his residence was an improper basis for venue.

{¶ 7} In March 2012, the Cuyahoga County Common Pleas Court granted Precision's motion and transferred the case to the Medina County Common Pleas Court. The journal entry effectuating this ruling did not contain the court's reasoning for the order.

{¶ 8} In May 2012, the Yeapleses moved the Medina County Court of Common Pleas to refuse the transfer of venue. After a hearing, the Medina County court ordered that the case be transferred back to Cuyahoga County. In support of its decision, the court found that the complaint broadly stated a claim for a workplace intentional tort against Cole, which, the court concluded, might fall outside the immunity provided to a co-employee by the workers' compensation statute. The court concluded that Cole was more than a nominal defendant and therefore that venue was proper in Cuyahoga County.

{¶ 9} In August 2012, with the action pending again before the Cuyahoga County Common Pleas Court, Precision and Cole moved the court to refuse venue and reaffirm its prior ruling transferring the action. Respondent Judge Steven E. Gall of the Cuyahoga County court granted the motion and ordered that the case be transferred back to Medina County, stating, "Pursuant to the court's prior order, venue is not proper in Cuyahoga County * * *."

{¶ 10} While the case remained pending before the Medina County Common Pleas Court for a second time, the Yeapleses filed a complaint in the Eighth District Court of Appeals seeking writs of mandamus and procedendo to compel Judge Gall of the Cuyahoga County Common Pleas

Court to vacate that court's transfer orders and adjudicate the underlying action on the merits.

{¶ 11} At the same time, the Yeapleses moved the Medina County court to stay the underlying case. In February 2013, the Medina County court declined to accept or reject transfer of the case until the resolution of the Yeapleses' writ action by the appellate court.

{¶ 12} In the writ action in the court of appeals, all parties moved for summary judgment. In May 2013, the appellate court granted the Yeapleses' motion for summary judgment and issued the writs of mandamus and procedendo.

{¶ 13} The appellate court concluded that the Yeapleses had stated a workplace-intentional-tort claim against Cole in the underlying case because the allegations in that count were directed against "defendants" in the plural form. 2013-Ohio-2207, at ¶ 10, 19. Thus, it concluded that Cole was more than a nominal defendant and that venue was proper in Cuyahoga County.

{¶ 14} In light of the appellate court's decision issuing the writs, the Medina County court rejected the venue transfer. Precision and Cole filed a motion for reconsideration of that order, informing the Medina County court that they had appealed to this court. The Medina County court granted the motion for reconsideration and stayed its prior order refusing the venue transfer until this court could resolve the appeal.

{¶ 15} This cause is now before the court on an appeal as of right by respondents Precision and Cole. Judge Gall did not appeal but filed a brief adopting appellants' arguments.

## ANALYSIS

{¶ 16} Respondents argue that the appellate court should have denied the writs because Ohio does not recognize a cause of action against a coworker analogous to the workplace intentional tort codified in R.C.

4

2745.01 for claims against an employer.[1] Because there is no such cause of action, respondents argue, Cole is a nominal party and venue is not proper in Cuyahoga County.[2]

{¶ 17} In response, the Yeapleses contend that Ohio law permits an intentional-tort claim against a co-employee notwithstanding the immunity provision set forth in R.C. 4123.741. That provision, for which the Yeapleses contend an exception was established in *Blankenship v. Cincinnati Milacron Chems., Inc.,* 69 Ohio St.2d 608, 433 N.E.2d 572 (1982), and its progeny, exempts employees from liability for work-related injuries to other employees.[3] The Yeapleses argue that their allegations state a potentially

---

[1] R.C. 2745.01 states:

> (A) In an action brought against an employer by an employee, or by the dependent survivors of a deceased employee, for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.
> (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

[2] Respondents also argue that because Judge Gall's order transferring the action to Medina County had been completely performed, there is no action pending in the Cuyahoga County Common Pleas Court and, therefore, that the Court of Appeals for Cuyahoga County lacks jurisdiction to issue the writs. Respondents contend, therefore, that the writ action is moot. We do not agree that the appeal can be resolved on such a procedural detail.

[3] R.C. 4123.741 states:

> No employee of any employer, as defined in division (B) of section 4123.01 of the Revised Code, shall be liable to respond in damages at common law or by statute for any injury or occupational disease, received or contracted by any other employee of such employer in the course of and arising out of the latter employee's employment, or for any death resulting from such injury or occupational disease, on the condition that such injury, occupational disease, or death is found to be compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code.

viable claim against Cole and establish that he is more than a nominal defendant and therefore that their choice of forum should govern the action.

{¶ 18} This court need only determine whether the relators are entitled to the issuance of the writs. *See State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), at paragraph ten of the syllabus. To reach that conclusion, we need not tread into the complex workers' compensation milieu to determine whether Ohio recognizes the workplace intentional tort against a co-employee, because relators have not established the requisite elements for the writs to issue.

{¶ 19} To be entitled to a writ of mandamus, relators must establish (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the relevant agency or governmental unit to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. Relators must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 20} Similarly, to be entitled to a writ of procedendo, relators must establish (1) a clear legal right to require respondent to proceed, (2) a clear legal duty by the respondent judge to proceed, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Weiss v. Hoover*, 84 Ohio St.3d 530, 531, 705 N.E.2d 1227 (1999). "A writ of procedendo is appropriate when a court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *Id.* at 532.

{¶ 21} Regarding the first requirement for either writ to issue, the Yeapleses must establish a clear legal right to the vacation of the Cuyahoga County court's transfer orders and to an order compelling that court to adjudicate the merits of the case. If Cole is more than a nominal party, venue is proper in Cuyahoga County and the Yeapleses have established a clear

6

legal right to have the case adjudicated there. Civ.R. 3(E).[4] But the vacation of the transfer orders would be warranted only if it were clear that Cole was more than a nominal defendant. We hold that he is not.

**{¶ 22}** "Nominal party" is not defined in the Civil Rules. "[F]or purposes of Civ.R. 3(E), it may be said that a 'nominal party' is one whose presence in the action is either: (1) merely formal; or, (2) unnecessary for a just and proper resolution of the claim(s) presented." *Smith v. Inland Paperboard & Packaging, Inc.*, 11th Dist. Portage No. 2007-P-0088, 2008-Ohio-6984, ¶ 41.

**{¶ 23}** Here, the appellate court found that "the consistent and repeated use of 'defendants' in the plural shows that the relators intended to include Cole in Count 1 as a tortfeasor and not just as a nominal party." 2013-Ohio-2207, ¶ 10. We do not find the use of the word "defendants" in its plural form here to be determinative of whether a viable cause of action is alleged against one of the defendants when the allegations, by their nature, cannot be said to logically extend to both defendants.

**{¶ 24}** For example, the Yeapleses allege that "Defendants *instructed* and *required* Yeaples to work with" equipment alleged to be in a defective and unsafe condition (emphasis added) and that "Defendants deliberately *required* Plaintiff, Yeaples, to engage in an activity which was known to be 'substantially certain' to cause injury * * *" (emphasis added). Yet there is no allegation that Cole was a supervisor or manager or exercised authority over Yeaples to require or instruct him to do anything. And there is no allegation that Cole acted outside his role as Yeaples's coworker to

---

[4] Pursuant to Civ.R. 3(E), in an action involving more than one defendant, "venue in the forum shall be proper, if the venue is proper as to any one party other than a nominal party." Because Cole is the only party with a connection to Cuyahoga County, venue is not proper there if he is a nominal party.

personally exercise authority over Yeaples. As the amended complaint makes clear, the focus of the Yeapleses' workplace-tort claim is Precision.

{¶ 25} The first amended complaint[5] clarifies that the allegations are primarily directed to Precision and eliminates much of the usage of the plural form of "Defendants." Comparing the two versions of the pleading, the corresponding allegations of the amended complaint state: "Defendant *Precision* failed to properly instruct and/or train its employees * * *" (emphasis added) and "Defendant *Precision* deliberately required Plaintiff Yeaples to engage in an activity that was known to be 'substantially certain' to end in an injury or fatality * * *" (emphasis added). References to Cole in these material allegations have been removed.

{¶ 26} Having reviewed the complaints and the allegations therein, we find it clear that whether Cole is present in the case or not, the Yeapleses' allegations relate primarily to Precision's actions and therefore to Precision's liability. There is no showing that Cole's presence in the case as a party is necessary for a just and proper resolution of the claims presented. Thus, Cole is a nominal party, and venue cannot be based solely on his residence.[6] We recognize that the appellate court concluded that R.C. 4123.741 did not

---

[5] It is unclear from the record whether the original or first amended complaint governs because Precision and Cole moved to strike the amended complaint as improperly filed without leave. It appears that the motion has not yet been resolved. By the appellate court's reliance on the use in the allegations of the term "Defendants" in plural form, and the absence, or significant reduction, of that usage in the first amended complaint, we assume that the appellate court looked to the allegations in the original complaint. Regardless of which version of the complaint governs, we address both here so as to avoid any confusion on which our decision is based.

[6] The dissent misleadingly suggests that the Cuyahoga County Common Pleas Court did not find that Cole was a nominal party. Although we may not have the advantage of an opinion from the Cuyahoga County Common Pleas Court, that court specifically held that venue was not proper in Cuyahoga County in response to arguments from the parties regarding whether Cole was a nominal party. And Judge Gall argued in a motion for summary judgment in the writ action that venue was not proper in Cuyahoga County because Cole was a nominal party.

preclude an intentional-tort claim against a fellow employee and that "it is possible and permissible to state an intentional-tort claim against a co-employee." 2013-Ohio-2207, ¶ 11. But there is no question that the Yeapleses did not state a traditional intentional-tort claim, such as assault or battery, against Cole. The only type of tort alleged against Cole is a "workplace intentional tort," which, the Yeapleses argue, is permitted as a species of common-law torts and recognized in *Blankenship* and its progeny.

{¶ 27} But even assuming that such a tort against a co-employee is recognized in Ohio's workers' compensation law, the allegations in Count I of the complaint do not sufficiently state a claim against Cole to demonstrate a clear legal right to the requested writ. Thus, without reaching the question of whether such a cause of action exists, and without determining the sufficiency of the pleadings for the purposes of Civ.R. 8 or a motion to dismiss under Civ.R. 12(B)(6), we conclude that the Yeapleses' allegations in Count I do not state a claim whose resolution requires Cole's presence.

{¶ 28} Because Cole is a nominal party, venue is not proper in Cuyahoga County. Therefore, the Yeapleses cannot establish a clear legal right to the vacation of that court's orders transferring venue.

{¶ 29} Even if the Yeapleses did state a viable claim against Cole and establish a clear legal right to proper venue in Cuyahoga County, the Yeapleses failed to establish the second requirement for entitlement to the writs of mandamus and procedendo: that Judge Gall is under a clear legal duty to perform the actions requested.

{¶ 30} Venue is not improper in Medina County. Venue is always proper in a county in which a defendant—other than a nominal defendant—resides. Civ.R. 3(E). Ohio does not recognize the applicability of forum non conveniens as a basis for intrastate transfers of venue. *State ex rel. Lyons v. Zaleski*, 75 Ohio St.3d 623, 624, 665 N.E.2d 212 (1996). If venue is proper,

a trial court must accept venue. Civ.R. 3. But a court may transfer an action to an adjoining county if a fair and impartial trial cannot be had where the action is pending. Civ.R. 3(C)(4).

{¶ 31} Here, Medina and Cuyahoga Counties are adjoining counties, but there is no evidence that any party sought, or the court ordered, a transfer because Cuyahoga County was not a fair and impartial venue. Therefore, because venue is proper in Medina County and there is no allegation that a trial in Medina County would not be fair and impartial, the Yeaples have not established a clear legal duty for the court to issue the writs.

{¶ 32} The third requirement for the writs—the lack of an adequate remedy in the ordinary course of the law—also fails because appeal following a final judgment is sufficient here.

{¶ 33} "Extraordinary relief in mandamus or prohibition generally does not lie to challenge a decision on a motion to change venue because appeal following a final judgment provides an adequate legal remedy." *State ex rel. Banc One Corp. v. Walker*, 86 Ohio St.3d 169, 173, 712 N.E.2d 742 (1999); *Lyons*, 75 Ohio St.3d at 625. An appeal is inadequate if not complete in nature, beneficial, and speedy. *Id.*

{¶ 34} The dissenting opinion's purported concern with legal expenses and dead witnesses appears to be a fiction, for there is no support for those "facts" in the record. But even if there were support in the record, the concerns are misplaced. First, a party's litigation strategy does not inform whether there exists an adequate remedy at law. Second, "[t]he mere fact that postjudgment appeal may be expensive to pursue does not render appeal inadequate so as to satisfy extraordinary relief." *Banc One Corp.*, 86 Ohio St.3d at 173-174.

{¶ 35} The appellate court relied on *State ex rel. Smith v. Cuyahoga Cty. Court of Common Pleas*, 106 Ohio St.3d 151, 2005-Ohio-4103, 832

N.E.2d 1206, to conclude that appeal would not be an adequate legal remedy here. We do not agree that *Smith* is apposite.

{¶ 36} In *Smith*, the Cuyahoga County court transferred the case to Wayne County because a substantial portion of the underlying facts occurred there. After a partial settlement, the plaintiff dismissed the remaining claims without prejudice. Plaintiff recommenced the action in Cuyahoga County, and again, the Cuyahoga County court transferred the case to Wayne County. This time, the Wayne County court granted a motion to refuse the transfer and returned the case to Cuyahoga County. Despite venue being proper in Cuyahoga County, that court transferred it a third time to Wayne County. Plaintiff then filed a mandamus action to compel the Cuyahoga County court to vacate its transfer orders and adjudicate the case.

{¶ 37} The appellate court here found the procedural postures of *Smith* and this case indistinguishable. 2013-Ohio-2207, ¶ 17. But there are two key differences.

{¶ 38} First, in *Smith*, venue was proper in either Cuyahoga or Wayne Counties, and plaintiff therefore established a clear legal right to the relief requested by the writ. *Smith* at ¶ 9. Here, however, venue is not proper in Cuyahoga County, because Cole is only a nominal defendant.

{¶ 39} Second, in *Smith*, both the Cuyahoga County and Wayne County courts refused to exercise jurisdiction over the case and neither court would proceed to judgment without the writ. *Smith*, at ¶ 20. In contrast here, the Medina County court's order stated only that it was declining to accept or reject transfer of the case "until such time as the Eighth District Court of Appeals adjudicates or dismisses the Plaintiffs' original action." Following the initiation of this appeal, the Medina County court went a step further and stayed that prior order refusing the venue transfer until this appeal is resolved. The order specifically stated, "The Clerk of Courts shall retain this

file until further order of the Court." This pragmatic delay does not rise to the level of the refusal of jurisdiction present in *Smith* requiring the issuance of an extraordinary writ. The Medina County court retains the case and can resume the case following this court's decision. Moreover, Medina County is the only forum of proper venue here. Thus, the Yeapleses cannot establish that an appeal following a final judgment would not be an adequate remedy.

## CONCLUSION

**{¶ 40}** Because Cole's status as a nominal party prevents the Yeapleses from establishing a clear legal right to the vacation of the transfer orders in Cuyahoga County or a clear legal duty by Judge Gall to perform that act, and because an appeal would provide an adequate remedy, we hold that the Yeapleses are not entitled to the extraordinary relief provided through the writs of mandamus and procedendo. We therefore reverse the decision of the Eighth District Court of Appeals and deny the relators' request for the writs. We also reverse the appellate court's judgment granting costs of the writ action to the relators.

Judgment reversed.

O'DONNELL, LANZINGER, KENNEDY, and FRENCH JJ., concur.

PFEIFER, J., concurs in the judgment only.

O'NEILL, J., dissents.

_____

**O'NEILL, J., dissenting.**

**{¶ 41}** There are two issues that trouble me in this case. First, Donald and Debra Yeaples set forth in their original complaint a claim for intentional tort against the employer, Precision Directional Boring, L.L.C., and the coworker who was operating the excavator, Gary Cole, who is a resident of Cuyahoga County. Ohio is a notice-pleading state. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29.

The Yeapleses' complaint clearly named Cole as a defendant and stated that it was based upon intentional tort. Pursuant to Civ.R. 8(A), this was adequate notice to allow the preparation of a sufficient defense. In Ohio, that is all that is required. *Iacono v. Anderson Concrete Corp.*, 42 Ohio St.2d 88, 92, 326 N.E.2d 267 (1975).

{¶ 42} In their complaint, the Yeapleses added at paragraph 16:

> At all times mentioned herein, Defendants knew that if Yeaples was subjected to the hazardous and dangerous conditions surrounding use of the equipment, then harm to Yeaples was substantially certain to occur.

{¶ 43} The high degree of specificity that the majority demands in this case is contrary to this court's decision in *Tulloh v. Goodyear Atomic Corp.*, 62 Ohio St.3d 541, 544, 584 N.E.2d 729 (1992), in which the court stated that it had to presume that "all factual allegations in the complaint are true and it must appear beyond doubt that the plaintiff can prove no set of facts warranting recovery" before dismissal was appropriate.

{¶ 44} Simply stated, the Yeapleses' complaint was sufficient to make Cole more than a nominal party in this action. Interestingly, neither the Cuyahoga County Common Pleas Court judge, nor the Medina County Common Pleas Court judge, nor the three Eighth District judges found that Cole was only a nominal party. There is no legal basis to find differently and overturn the Eighth District's decision. Since he was an actual party, venue in Cuyahoga County was appropriate.

{¶ 45} This brings me to the second issue that I have with the majority's opinion. They conclude that the Yeapleses have an adequate remedy at law and therefore that it was improper for the Eighth District to

allow the writs of mandamus and procedendo. Being forced to expend $100,000 in trial preparation including expert witnesses in the wrong county, so that you can appeal three years later after your witnesses have all died, is not an adequate remedy at law. The filing of a petition for mandamus demanding that a trial judge do his or her job is the *only* adequate remedy at law.

{¶ 46} I respectfully dissent.

_____

Paul W. Flowers, Co., L.P.A., and Paul W. Flowers; and Bashein & Bashein Co., L.P.A., and W. Craig Bashein, for appellees Donald and Debra Yeaples.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Charles E. Hannan, Assistant Prosecuting Attorney, for appellee Steven E. Gall.

Weston Hurd, L.L.P., Shawn W. Maestle, and Carolyn M. Cappel, for appellants.

Tucker Ellis, L.L.P., Benjamin C. Sassé, and Jeffrey C. Sindelar Jr., urging reversal for amicus curiae, Ohio Association of Civil Trial Attorneys.