[Cite as *LVNV Funding, L.L.C. v. Culgan*, 2023-Ohio-4706.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

LVNV FUNDING LLC,

    PLAINTIFF-APPELLEE,

      v.

CLIFFORD CULGAN,

    DEFENDANT-APPELLANT.

CASE NO. 3-23-31

O P I N I O N

Appeal from Crawford County Municipal Court
Trial Court No. CVF2201000

**Judgment Affirmed**

**Date of Decision: December 26, 2023**

APPEARANCES:

    *Clifford Culgan,* Appellant

    *Megan J. Urban* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Clifford Culgan ("Culgan") appeals the judgment of the Crawford County Municipal Court, alleging that the trial court erred in granting summary judgment in favor of plaintiff-appellee, LVNV Funding, LLC ("LVNV"). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 6, 2022, LVNV filed a complaint against Culgan. LVNV alleged that Culgan had a revolving line of credit from Synchrony Bank but failed to make the required payments on his account. LVNV subsequently acquired rights to the outstanding obligation and sought a judgment against Culgan in the amount of $1,381.70 plus interest. On April 14, 2023, LVNV filed a motion for summary judgment. On May 30, 2023, the trial court granted summary judgment in favor of LVNV.

{¶3} Culgan filed his notice of appeal *pro se* on June 23, 2023. On appeal, he raises the following two assignments of error:

**First Assignment of Error**

**The Municipal Court erred to the prejudice of the appellant's substantial constitutional and statutory right by granting summary judgment in favor of the appellee by holding the federal statutes do not require notice to the appellant prior to filing a civil action and do not require proof of debt by submission of the original signed contract.**

-2-

**Second Assignment of Error**

**The Municipal Court erred to the prejudice of the appellant's substantial constitutional and statutory rights by granting summary judgment in favor of the appellee by holding the federal statutes do not require the appellee to produce a copy of the original signed contract to establish venue.**

*First Assignment of Error*

**{¶4}** Culgan argues that the trial court erred in concluding that LVNV did not have to comply with the notice requirements contained in 15 U.S.C. 1692g(a) prior to filing this action.

Standard of Review

**{¶5}** Appellate courts review an order granting summary judgment de novo. *James B. Nutter & Co. v. Estate of Neifer*, 3d Dist. Hancock No. 5-16-20, 2016-Ohio-7641, ¶ 5. Under Civ.R. 56, summary judgment is to be granted

> only when it is clear '(1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.'

*Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47 (1978). The party that moved for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists for trial and that it is, therefore, entitled to judgment as a matter of law. *Beair v. Management & Training Corp.*, 3d Dist. Marion No. 9-21-07, 2021-Ohio-4110, ¶ 15.

**{¶6}** If the moving party carries its initial burden, the burden then shifts to the non-moving party to demonstrate that a dispute over a genuine issue of material fact exists for trial. *Hall v. Kosei St. Marys Corporation*, 2023-Ohio-2021, 218 N.E.3d 205, ¶ 5 (3d Dist.). To prevail, the non-moving party must do more than make mere denials but must identify specific facts that establish its position. *Durfor v. West Mansfield Conservation Club*, 3d Dist. No. 8-21-26, 2022-Ohio-416, ¶ 13. A motion for summary judgment must be granted with caution because it is a procedural device that terminates the litigation. *Williams v. ALPLA, Inc.*, 2017-Ohio-4217, 92 N.E.3d 256, ¶ 6 (3d Dist.). "The court must thus construe all evidence and resolve all doubts in favor of the non-moving party * * *." *Webster v. Shaw*, 2016-Ohio-1484, 63 N.E.3d 677, ¶ 8 (3d Dist.).

## Legal Standard

**{¶7}** Section 15 U.S.C. 1692g(a) of the FDCPA "requires debt collectors to issue a 'validation notice,' either in the initial communication with a consumer or within five days of that initial communication, that informs the consumer of certain rights * * *." *Federal Home Loan Mortg. Corp. v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007). Importantly, these notice requirements "are triggered by a debt collector's 'initial communication with a consumer in connection with the collection of any debt.'" *Hart v. FCI Lender Services, Inc.*, 797 F.3d 219, 200 (2d Cir. 2015), quoting 15 U.S.C. 1692g(a). *See also Alausa v. Monterey Financial Services, LLC*, E.D. N.Y. No. 22-CV-3814, 2023 WL 6121780 (Sept. 19, 2023).

{¶8} The FDCPA specifies that "[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of * * * [1692g](a)." 15 U.S.C. 1692g(d). Thus, the "validation notice requirement * * * does not apply to lawsuits." *Goodman v. Board of Managers of Harborview Condominium*, S.D. N.Y. No. 22-CV-1813, 2023 WL 6977450, *7 (Oct. 23, 2023). *Hill v. Javitch, Block & Rathbone, LLP*, 574 F.Supp.2d 819, 823 (S.D. Ohio 2008), quoting *Beler v. Blatt, Hasenmiller, Leibsker & Moore*, LLC, 480 F.3d 470, 472 (7th Cir. 2007) (Since passage of 15 U.S.C. 1692g(d), "legal pleadings no longer need to be preceded or accompanied by verification notices.").

Legal Analysis

{¶9} Culgan argues that LVNV was required to comply with the debt validation requirements of 15 U.S.C. 1692g(a) "prior to filing a civil action." (Appellant's Brief, 5). However, he has not identified any contact that LVNV had with him before it filed this action that could qualify as an initial communication under 15 U.S.C. 1692g. While LVNV did file a complaint against Culgan, 15 U.S.C. 1692g(d) expressly states that formal pleadings do not constitute an initial communication that triggers the requirements of 15 U.S.C. 1692g(a). For these reasons, he has failed to demonstrate that the debt validation requirements were triggered before this action was filed. *See Beler* at 472. Thus, he cannot establish that LVNV was required to follow these requirements prior to filing its complaint.

*See Chandler v. McClain Dewees, PLLC*, W.D. Kentucky No. 3:19-CV-00233-RGJ, 2020 WL 1172708, \*5-6 (Mar. 11, 2020).

**{¶10}** In conclusion, Culgan has failed to demonstrate that LVNV was required to follow the notice validation requirements of 15 U.S.C. 1692g in this case. Thus, even if the failure to comply with these notice validation requirements could provide grounds to defeat a plaintiff-creditor's motion for summary judgment, Culgan has not, with this argument, demonstrated that the trial court erred in granting summary judgment in favor of LVNV in this case. Accordingly, his first assignment of error is overruled.

*Second Assignment of Error*

**{¶11}** Culgan argues that LVNV failed to establish that the venue for this action was proper under the federal standards set forth in 15 U.S.C. 1692i.

Legal Standard

**{¶12}** "Venue \* \* \* relates to the geographic division where a cause can be tried \* \* \*." *Morrison v. Steiner*, 32 Ohio St.2d 86, 88, 290 N.E.2d 841 (1972). Ohio Civ.R. 3(C) contains a list of venues that can provide a proper forum for an action. This list includes "[t]he county in which the defendant resides[.]" Civ.R. 3(C)(1). *See State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 30. Further, 15 U.S.C. 1692i also addresses the issue of venue in legal actions by debt collectors and reads as follows:

(a) Venue

> Any debt collector who brings any legal action on a debt against any consumer shall—
>
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity—
>
> (A) in which such consumer signed the contract sued upon; *or*
>
> (B) *in which such consumer resides at the commencement of the action.*

(Emphasis added.) 15 U.S.C. 1692i(a). Thus, unless the consumer's obligation is secured by an interest in real property, venue is proper in "the place where the consumer signed the subject contract (§ 1692i(a)(2)(A)), or the consumer's place of residence at the time the debt collector initiated the action (§ 1692i(a)(2)(B))." *Elizarov v. Equity Experts LLC*, 312 F.Supp.3d 624, 630 (E.D. Mich. 2018).

Legal Analysis

{¶13} The ninth allegation in LVNV's complaint averred that venue was proper where the action was filed because Culgan "resid[ed] within in the jurisdiction" of the Crawford County Municipal Court. In his answer, Culgan admitted the ninth allegation.[1] Further, Culgan subsequently filed a motion to dismiss in which he stated that he resided in Crawford County. Since Culgan lives

---

[1] Culgan did qualify his admission by refusing to acknowledge whether the trial court actually had jurisdiction over this matter. Nonetheless, he still admitted that he resided where LVNV had alleged.

within the territorial jurisdiction of the Crawford County Municipal Court where LVNV brought this action, venue is proper under Civ.R. 3(C)(1) and, if applicable, would also be proper under 15 U.S.C. 1692i(a). Accordingly, his second assignment of error is overruled.

*Conclusion*

{¶14} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Crawford County Municipal Court is affirmed.

**Judgment Affirmed**

**MILLER, P.J. and WALDICK, J., concur.**

**/hls**