[Cite as *State ex rel. Cotten v. Aveni*, 2026-Ohio-1356.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Prince Charles Cotten, Sr., | : | |
| Relator, | : | |
| | : | No. 25AP-869 |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Carl A. Aveni, Judge, | : | |
| Respondent. | : | |

D E C I S I O N

Rendered on April 14, 2026

**On brief:** *Prince Charles Cotten*, *Sr.*, pro se.

**On brief:** *Shayla D. Favor*, Prosecuting Attorney, and *Brianna T. Morris*, for respondent.

IN PROCEDENDO
ON REVIEW OF MAGISTRATE'S DECISION

BEATTY BLUNT, J.

{¶ 1} On October 29, 2025, relator, then an inmate at Marion Correctional Institution in Marion Ohio, filed a complaint in the instant procedendo action, and on December 4, 2025 respondent filed a motion to dismiss relator's complaint. Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate. On review, the magistrate recommended that we grant the motion to dismiss the action as moot, because the respondent had already performed the act sought.

{¶ 2} Relator has not filed any objection to the magistrate's decision. "If no timely objections are filed, the court may adopt a magistrate's decision, unless it determines that there is an error of law or other defect evident on the face of the magistrate's decision." Civ.R. 53(D)(4)(c). Our review of the magistrate's decision reveals no error of law or other

evident defect.  *See, e.g.*, *State ex rel. Alleyne v. Indus. Comm.*, 2004-Ohio-4223, ¶ 32-33, (10th Dist.) (adopting the magistrate's decision where no objections were filed).

{¶ **3**}    As we have found no error of law or other defect on the face of the magistrate's decision, we adopt it as our own, including the findings of fact and conclusions of law as they are set forth in the decision.  In accordance with the magistrate's recommendation, the respondent's motion to dismiss is sustained and the relator's petition for writ of procedendo is dismissed as moot.

*Respondent's motion to dismiss sustained*;
*petition dismissed as moot.*

EDELESTEIN and DINGUS, JJ., concur.

————————————

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Prince Charles Cotton, Sr.,          :

          Relator,                                              :

v.                                                                        :                          No.  25AP-869

Carl A. Aveni, Judge,                                     :                      (REGULAR CALENDAR)

          Respondent.                                      :

---

M A G I S T R A T E ' S   D E C I S I O N

Rendered on January 16, 2026

---

*Prince Charles Cotton, Sr.*, pro se.

*Shayla D. Favor,* Prosecuting Attorney, and *Brianna T. Morris,* for respondent.

---

IN PROCEDENDO
ON MOTION TO DISMISS

{¶ 4}   Relator Prince Charles Cotton, Sr. requests a writ of procedendo ordering respondent Judge Carl A. Aveni to proceed to judgment in *Cotton v. Chambers-Smith*, Franklin C.P. No. 24CV6991 (hereinafter referred to as the "underlying case"). Respondent has filed a motion to dismiss for failure to state a claim upon which relief can be granted. For the following reasons, the magistrate recommends granting the motion to dismiss.

## I. Findings of Fact

{¶ 5}   1. At the time of the filing of this action in procedendo, relator was incarcerated at Marion Correctional Institution in Marion, Ohio.

{¶ 6}   2.  Respondent is a judge serving on the Franklin County Court of Common Pleas.

{¶ 7}    3. Relator filed a complaint in the underlying case on September 10, 2024.

{¶ 8}    4. On June 12, 2025, relator filed a "motion averring a federal rights to jury trial" in the underlying case.

{¶ 9}    5. On August 11, 2025, respondent issued a decision and entry in the underlying case that dismissed relator's complaint without prejudice for failure to strictly comply with R.C. 2969.25(A).

{¶ 10}  6. Relator filed a complaint for peremptory writ of procedendo in this court on October 29, 2025.

{¶ 11}  7.  Relator filed an amended complaint for peremptory writ of procedendo on November 19, 2025.

{¶ 12} 8. On December 4, 2025, respondent filed a motion to dismiss relator's complaint in procedendo.

{¶ 13} 9. On December 22, 2025, relator filed a document captioned "correction amended peremptory writ of procedendo." (Emphasis removed.)

## II. Discussion and Conclusions of Law

{¶ 14} Relator seeks a peremptory writ of procedendo ordering respondent to proceed to judgment in the underlying case. Respondent has moved to dismiss relator's amended complaint pursuant to Civ.R. 12(B)(6). Before addressing the motion to dismiss, it is noted that on December 22, 2025, relator filed—among other documents—a document with the following caption: "correction amended peremptory writ of procedendo." (Emphasis removed.) This document appears substantially similar to relator's November 19, 2025 amended complaint.

{¶ 15} The Rules of Civil Procedure do not provide for "corrections" to a complaint, but instead permit amendment of a complaint under certain circumstances. Under Civ.R. 15(A), a party is permitted to "amend its pleading **once** as a matter of course within twenty-eight days after serving it or, if the pleading is one to which a responsive pleading is required within twenty-eight days after service of a responsive pleading or twenty-eight days after service of a motion under Civ.R. 12(B), (E), or (F), whichever is earlier." (Emphasis added.) Outside of those circumstances, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Civ.R. 15(A).

{¶ 16} In this matter, relator amended his complaint once as permitted on November 19, 2025. When filing the documents on December 22, 2025, relator did not indicate respondent had provided written consent to a subsequent amendment. Nor did relator seek leave to amend. "When leave is required to file an amended complaint, and a party files or serves the amended complaint without leave of court, the amended complaint is without legal effect." *Hunter v. Shield*, 2019-Ohio-1422, ¶ 17 (10th Dist.). Therefore, because relator did not obtain respondent's written consent or seek leave of court prior to filing the second amended complaint, it is not necessary to consider relator's December 22, 2025 filing for purposes of resolving respondent's motion to dismiss.

## A. Standard for a Motion to Dismiss for Failure to State a Claim

{¶ 17} A motion to dismiss for failure to state a claim under Civ.R. 12(B)(6) is procedural and tests the sufficiency of the petition or complaint. *See State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 1992-Ohio-73, ¶ 9, citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). When ruling on a Civ.R. 12(B)(6) motion, a court is permitted to consider certain "documents attached to or incorporated into the complaint." *State ex rel. Gordon v. Summit Cty. Court of Common Pleas*, 2025-Ohio-2927, ¶ 8. *See* Civ.R. 10(C) ("A copy of any written instrument attached to a pleading is a part of the pleading for all purposes.").

{¶ 18} A court reviewing the sufficiency of a complaint in resolving a Civ.R. 12(B)(6) motion must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). Despite this presumption regarding factual allegations, "unsupported legal conclusions, even when cast as factual assertions, are not presumed true for purposes of a motion to dismiss." *State ex rel. Martre v. Reed*, 2020-Ohio-4777, ¶ 12.

## B. Purpose of and Requirements for Procedendo

{¶ 19} The purpose of a writ of procedendo is to compel an inferior court to act where the "court has either refused to render a judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Weiss v. Hoover*, 1999-Ohio-422, ¶ 7. In order for a writ of procedendo to issue in this matter, relator must establish (1) a clear legal right to require respondent to proceed, (2) a clear legal duty on the part of respondent to proceed,

and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Yeaples v. Gall*, 2014-Ohio-4724, ¶ 20.

## C. Whether Relator Has Stated a Claim in Procedendo

{¶ 20} In his amended complaint, relator alleges that after he "filed his pleading with the Court on September 10th of 2024 in Case No. 24 CV 006991," respondent has "refused to acknowledge, and [has] delayed in ruling" on the matter. (Am. Compl. at 2.) Further, relator alleges: "on the 2nd of June 20[25,] Relator filed his Motion Averring A Federal Rights to a Jury Trial to settle Relator's Genuine Issues, a Controversy, a [legitimate] Dispute before the[ ]Court. As it is, the Court has refused to acknowledge, and have delayed on making a ruling in this Case." *Id*. Relator asserts he has "a clear legal right to have his Motion Averring his Federal Rights to a Jury Trial - When he has a Genuine Issue, a Controversy, and a Legitimate Dispute before the Court, and the Respondent [has] a corresponding clear legal duty to proceed into Judgment on Relator's Motion Averring a Federal Right to a Jury Trial to Settle all Issues before the Court as sought." (Am. Compl. at 2.) Respondent asserts that the underlying action is moot and requests this court take judicial notice of the proceedings in that case.

{¶ 21} It has been recognized that "[i]t may be appropriate in certain cases for a court to take judicial notice of something filed in another case." *State ex rel. Mather v. Oda*, 2023-Ohio-3907, ¶ 14. *Compare State ex rel. Everhart v. McIntosh*, 2007-Ohio-4798, ¶ 8 (recognizing that certain courts have taken judicial notice of the content of public court records available on the internet), *with State ex rel. Bradford v. Bowen*, 2022-Ohio-351, ¶ 12 (stating that "*Everhart* merely recognizes that other courts have taken judicial notice of court records that were available on the Internet," and that "*Everhart* does not support the . . . broad assertion that a court may take judicial notice of any public record that is available online"). With regard to actions in procedendo, a court is permitted to consider the record of the trial court in determining whether the respondent has already performed the act sought in the complaint. *See State ex rel. Sevilla v. Cocroft*, 2021-Ohio-4280, ¶ 6 (10th Dist.); *State ex rel. Cincinnati Enquirer v. Dupuis*, 2002-Ohio-7041, ¶ 8 ("An event that causes a case to become moot may be proved by extrinsic evidence outside the record."). As the common pleas court's docket is publicly available online and not subject to reasonable dispute, the magistrate takes judicial notice of the docket in the underlying case for the

purpose of determining whether respondent has already performed the act sought in the complaint.

{¶ 22} Review of the common pleas court's docket in the underlying case reveals that on August 11, 2025, respondent issued a decision and entry dismissing relator's complaint without prejudice for failure to strictly comply with R.C. 2969.25(A). Furthermore, because the dismissal of relator's complaint in the underlying action occurred while relator's June 12, 2025 motion averring a federal rights to jury trial was pending, such motion was implicitly overruled. *See State ex rel. Dobson v. Handwork*, 2020-Ohio-1069, ¶ 18, quoting *Kostelnik v. Helper*, 2002-Ohio-2985, ¶ 13 (" 'A motion not expressly decided by the trial court when the case is concluded is ordinarily presumed to have been overruled.' "); *Seff v. Davis*, 2003-Ohio-7029, ¶ 16 (10th Dist.) (stating that "when the trial court enters judgment without expressly determining a pending motion, the motion is also considered impliedly overruled"); *Columbus v. ACM Vision, V, LLC*, 2021-Ohio-925, ¶ 22 (10th Dist.).

{¶ 23} An action becomes moot " ' "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." ' " *State ex rel. Gaylor, Inc. v. Goodenow*, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "Procedendo will not compel the performance of a duty that has already been performed." *State ex rel. Bechtel v. Cornachio*, 2021-Ohio-1121, ¶ 9. "When a relator seeks to compel the issuance of a judgment entry through a writ of procedendo and the judge issues the entry, the procedendo claim is moot." *Id*. The decision and entry issued by respondent in the underlying case resolved both the complaint and, implicitly, the motion averring a federal rights to jury trial. As respondent's act fulfilled the duty relator seeks to enforce in procedendo, relator's request for a writ of procedendo is moot.

{¶ 24} Finally, in his amended complaint, relator refers to the defendant in the underlying action and appears to make some claim regarding the merits of that action. Specifically, relator states that "based on these facts - Annette Chambers-Smith Does Not Have Va[li]d Certified Re-Sentencing Judgment Entry to continue to hold Relator in Ohio's Prison System as a matter of Federal/State Constitutional Law, for which is ever prayed." (Emphasis removed.) (Am. Compl. at 3.) To the extent that relator seeks to challenge the dismissal of the underlying action, such relief is not available in procedendo, but instead

must be pursued through appeal. *See State ex rel. Daniels v. Russo*, 2018-Ohio-5194, ¶ 24 (stating "it is well established that neither mandamus nor procedendo is a substitute for an appeal"). Furthermore, insofar as relator is requesting release from incarceration in this action, such relief is not available in procedendo. *See State ex rel. Hazel v. Bender*, 2011-Ohio-4197, ¶ 2 (stating that "habeas corpus, rather than procedendo, is the proper action to seek release from prison").

**D. Conclusion**

{¶ 25} Relator's request for a writ of procedendo is moot. Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted, and this action in procedendo dismissed as moot.

/S/ MAGISTRATE

JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.