[Cite as *Tyler v. Monro Brake Tire Serv.*, 2012-Ohio-511.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| JAMES A. TYLER, III | : | |
| | : | Appellate Case No. 24591 |
| Plaintiff-Appellant | : | |
| | : | Trial Court Case No. 2010-CVI-1511 |
| v. | : | |
| | : | |
| MONRO BRAKE TIRE SERVICE | : | (Civil Appeal from Montgomery County |
| | : | Municipal Court-Eastern Division) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 10th day of February, 2012.

. . . . . . . . . . .

JAMES A. TYLER, III, Post Office Box 26442, Dayton, Ohio 45426
      Plaintiff-Appellant, *pro se*

BRIAN W. FOX, Atty. Reg. #0086851, Frost Brown Todd LLC, 9277 Centre Pointe Drive, Suite 300, West Chester, Ohio 45069
      Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Plaintiff-appellant James A. Tyler, III, appeals from a judgment of the Municipal Court of Montgomery County against him on his small claims petition filed against defendant-appellee Monro Brake Tire Service.

{¶ 2} In his complaint, Tyler averred as follows:

They did a repair that was not done correct! I took my car to (2) other repair shops and gave me a complete run down on what they didn't do. I have video, tape recordings, paperwork to prove my case. They put hardship on me for months while I didn't have a car to get me to/from work. I took all the right steps. I went to the BBB, the State of Ohio and now small claims. They refuse to fix what they messed up! They fixed stuff that wasn't nothing wrong. They had the car twice and a month. They don't know what their [sic] doing.

{¶ 3} The matter was tried to a judge of the Municipal Court. We have no transcript of the trial. It appears from the trial court's decision and entry that it considered five documentary exhibits that Tyler offered, one audio tape recording that Tyler offered, one DVD audiovisual recording that Tyler offered, and six documentary exhibits that Monro Brake Tire Service offered. These are in our record, and we have reviewed all of them, including the tape recording and DVD.

{¶ 4} The entirety of the trial court's decision and entry, from which this appeal is taken, is as follows:

This matter is before the Court on a Small Claims Petition filed by Plaintiff. The Court has carefully considered the evidence and judged the credibility of the witnesses.

Plaintiff sues Defendant over auto repairs to his 1990 Lumina. Plaintiff presents a number of issues where he claims Defendant was deficient in accomplishing the repairs to his vehicle[;] however[,] his main issue is the failure of Defendant's employees to advise him at the beginning of the

undertaking of repairs that the timing chain problem could result in more extensive issues with the engine. Defendant alleges that Plaintiff was told that the repair costs could exceed the value of the vehicle.

Plaintiff's Exhibit 5 is a multiple exhibit that contains most of the service agreements entered into by the Parties. Exhibit 5 reflects extensive service which was agreed to by Plaintiff but it appears the Plaintiff feels the Defendant's employees should have advise[d] him that the timing chain problems made continued repairs unrealistic. Defendant claims they advised him of this fact.

It is axiomatic that the burden of proving the case by a preponderance of the evidence rests with Plainitiff. *Travelers* [*Ins. Co. Of Hartford, Conn.*] *v. Gath*[,] 118 [Ohio St.] 257, 160 N.E. 710 (1956). Thus, the responsibility to prove the matters outlined in the Small Claims Petition rests with Plaintiff and this requirement was outlined for him by the Court at the commencement of these proceedings.

The Court has reviewed the Exhibits entered into evidence by Plaintiff at the close of his case; this includes listening to and viewing Exhibits 6 and 7. The Court is unable to find that the Defendant clearly breached some duty to Plaintiff because all of the allegations raised in his proof are based upon the Plaintiff's version of the facts. The better business bureau information rests on Plaintiff's view of the situation as does the information Plaintiff provided to the other two car repair shops. Even Plaintiff had to admit that the vehicle in

question, a 1990 Lumina, had been previously repaired. How, therefore, do we determine the culpability of Defendant for the problems Plaintiff encountered?

In viewing the video tape evidence (Exhibit 7) the Court cannot determine what proof the Plaintiff attempts to present since the vehicle engine does not sound in need of repair. So[,] too[,] with the rest of the evidence submitted by Plaintiff. Plaintiff complains about the repair work of Defendant but does not provide conclusive evidence of poor workmanship that can be directly linked to the repairs.

The Court finds that Plaintiff has failed to meet the burden of proof. Judgment for Defendant. Case Dismissed with prejudice.

This is a Final Appealable Order pursuant to Second District Court of Appeals Civil Rule 58.

{¶ 5} In his notice of appeal, Tyler states: "I, James A. Tyler III wish to appeal my case. Information was not presented correctly. I did not have my witnesses present, but will at appeal hearing with more documents to support my claim against Monroe [sic]."

{¶ 6} Tyler's brief does not set forth any assignments of error, as required by App. R. 16(A)(3). Indeed, his brief suggests, as does his notice of appeal, that he is under the impression that an appeal constitutes a trial de novo in which he can present evidence to support his complaint. This is, of course, a misunderstanding of the appellate process. We are limited to a review of the evidence presented in the trial court.

{¶ 7}   Although Tyler has not set forth assignments of error, we infer his assignment of error to be that the judgment of the trial court is not supported by the evidence, and is against the manifest weight of the evidence.   Our ability to review determinations of credibility, which the trial court in its judgment entry indicated that it made, is quite limited even in cases where we have a complete transcript of the proceedings in the trial court.   *State v. Lawson*, 2nd Dist. Montgomery No. 16288, 1997 WL 476684, p.4: "The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness."   Of course, our ability to review a determination of credibility is non-existent where, as in the case before us, there is no transcript of testimony.

{¶ 8}   From the trial court's decision and entry, it appears that Tyler testified at the hearing, that at least one witness testified on behalf of Monro Brake Tire Service, and that the trial court found, on conflicting evidence, that the evidence did not preponderate in favor of Tyler.   Without a transcript, we cannot conclude that the trial court's decision is against the manifest weight of the evidence, or is otherwise unsupported by the evidence.

{¶ 9}   Nothing in the exhibits we have reviewed suggests to us that the trial court's decision is against the manifest weight of the evidence.   In fact, the tape recording offered by Tyler seems to include a conversation he had with someone at Monro Brake Tire Service in which its claim for services was compromised (reduced) to his satisfaction, although that might have been in connection with one of the repairs before the last repair Monro Brake Tire Service performed on his vehicle.

{¶ 10}   Tyler's sole assignment of error is overruled.   The judgment of the trial court

is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.

Copies mailed to:

James A. Tyler, III
Brian W. Fox
Hon. James D. Piergies