[Cite as *Farmer v. Healthcare Bridge*, 2021-Ohio-3207.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

TAMARA FARMER,                          :

    Plaintiff-Appellant,            :

                         No. 110469

    v.                              :

HEALTHCARE BRIDGE,                      :

    Defendant-Appellee.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** September 16, 2021

---

Civil Appeal from the Shaker Heights Municipal Court
Case No. 20CV101124

---

### *Appearances:*

Cavitch, Familio & Durkin, Co., L.P.A., and Komlavi
Atsou, *for appellant.*

LISA B. FORBES, J.:

{¶ 1} Tamara Farmer ("Farmer") appeals from the Shaker Heights Municipal Court's journal entry finding that she "failed to prove her claim by a preponderance of the evidence" and granting judgment in favor of defendant Healthcare Bridge ("Healthcare"). After reviewing the facts of the case and pertinent law, we affirm the lower court's judgment.

## I. Facts and Procedural History

{¶ 2} On November 18, 2020, Farmer filed a "Small Claim Complaint" in the Shaker Heights Municipal Court against her former employer Healthcare alleging "none [sic] payment for services rendered" in the amount of $5,400. The court held a trial before a magistrate, at which both parties appeared and Healthcare disputed Farmer's claim. On January 14, 2021, the magistrate issued a decision stating "Judgment in favor of Defendant at Plaintiff's costs." Farmer filed a request for findings of fact and conclusions of law, which the magistrate issued on February 1, 2021. Excerpts pertinent to this appeal follow:

### Findings of Fact

* * * Farmer worked as a home health aide for [Healthcare]. In 2018 [Farmer] contacted the United States Department of Labor reporting that [Healthcare] underpaid [her] for overtime hours [she] worked. The Department of Labor conducted an audit on [Healthcare] for [Farmer's] wages from 2016 to 2018. The Department of Labor found [Farmer] was entitled to additional overtime wages totaling $1,166.73. [Healthcare] paid the Department of Labor for the back wages and the Department of Labor sent a check to [Farmer] totaling that amount. [Farmer] did not deposit the check because [she] disputes the determination of the Department of Labor.

### Conclusions of Law

The burden of proving a claim by a preponderance of the evidence rests on the Plaintiff. *Tyler v. Monro Brake Tire Serv.*, [2d Dist. Montgomery No. 24591,] 2012-Ohio-511, ¶ 4. Therefore, the Plaintiff has to show the accusations outlined in a small claims petition are valid. *Id.* Here, the Department of Labor performed an audit and found [Farmer] was entitled to $1,166.73 in overtime wages. [Healthcare] properly adhered to the Department of Labor's findings by paying the agency that amount. [Farmer] failed to show, by a preponderance of the evidence, that the Department of Labor miscalculated the amount she is owed in overtime wages. Furthermore, [Farmer] failed to show [Healthcare] owes her any additional back overtime wages.

**{¶ 3}** Farmer filed objections to the magistrate's decision alleging error for two reasons:

(1) Farmer did not sign Form WH-58 and did not cash [Healthcare's] check, and as such, Farmer did not waive her claim against [Healthcare] and whether or not the Department of Labor ("D.O.L.") miscalculated the amount Farmer is owed in overtime wages is irrelevant to Farmer's right to seek damages in this Court.

(2) Farmer's claims that she is owed more than the D.O.L.'s calculated amount of $1,166.73 is supported by the paystubs attached to the Complaint, federal law, and state law.

**{¶ 4}** On March 19, 2021, the court overruled Farmer's objections to the magistrate's decision and modified the findings of fact and conclusions of law as follows:

The Court finds that [Farmer] failed to prove her claim by a preponderance of the evidence. [Farmer] submitted two exhibits at trial. "Plaintiff's Exhibit A" is characterized in [Farmer's] Objection as a "narrative setting forth a detailed explanation regarding the basis of her alleged damages." "Plaintiff's Exhibit B" [is] paystubs from May, 2017 to March, 2018. The exhibits presented at trial as well as the testimony of [Farmer] failed to establish her claim by the preponderance of the evidence. The Court further finds that [Healthcare] admitted that it owed $1,166.73 to [Farmer], the amount which [Healthcare] paid to the [D.O.L.] prior to the filing of [Farmer's] small claim. Therefore, [Farmer] is entitled to $1,166.73 in overtime wages. [Healthcare] having already satisfied it obligation to [Farmer] by paying this amount to the [D.O.L.], the Court orders Judgment in favor of [Healthcare] with respect to the remainder of [Farmer's] claim.
* * *

**{¶ 5}** It is from this order that Farmer appeals raising two assignments of error for our review:

**Assignment of Error No. 1:** The Municipal Court erred when it held that [Farmer] is bound by the settlement agreement negotiated by the [D.O.L.] with Farmer's former employer and that the employer

satisfied its obligation to Farmer by issuing a check in the amount of $1,166.73 to [the D.O.L.].

**Assignment of Error No. 2:** The Municipal Court erred when it held that Farmer failed to prove her claim for nonpayment of overtime by the preponderance of the evidence.

## II. Law and Analysis

{¶ 6} Pursuant to App.R. 9(B), the appellant has a duty to file the transcript from any lower court proceedings to the extent it is necessary for evaluation of the judgment being appealed. This court has consistently held that "[f]ailure to file the transcript prevents an appellate court from reviewing an appellant's assigned errors. * * * Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below." *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm.").

{¶ 7} In the instant case, the municipal court held a bench trial before a magistrate. In granting judgment in favor of Healthcare, the municipal court found that "[t]he exhibits presented at trial as well as the testimony of [Farmer] failed to establish her claim by the preponderance of the evidence." It is undisputed that Farmer did not file the trial transcript in this case. This transcript is necessary for resolution of Farmer's assignments of error, both of which challenge the court's

conclusions based on evidence and testimony presented at trial. In following well-established Ohio law, we must presume regularity of the municipal court proceedings and affirm the judgment.

{¶ 8} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry out this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LISA B. FORBES, JUDGE

MARY J. BOYLE, A.J., and
ANITA LASTER MAYS, J., CONCUR