[Cite as *Kingsbury v. Cornerstone Family Office, L.L.C.*, 2022-Ohio-18.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

DOROTHEA KINGSBURY, TRUSTEE, :
ET AL.,

        Plaintiffs, : No. 109886

        v. :

CORNERSTONE FAMILY OFFICE :
L.L.C., ET AL.,

        Defendants-Appellees. :

[Appeal by Paula Ames Redman, :

        Plaintiff-Appellant.] :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 6, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-877746

---

## *Appearances:*

Cavitch, Familo & Durkin Co., L.P.A., Gregory E. O'Brien,
Douglas A. DiPalma, and Spencer E. Krebs, *for appellant*
Paula A. Redman.

Walter | Haverfield L.L.P., John E. Schiller, and Jamie A.
Price, *for appellee* Catherine G. Veres.

ANITA LASTER MAYS, P.J.:

## I.  Introduction

{¶ 1}  Plaintiff-appellant Paula Ames Redman ("Redman") appeals the trial court's grant of defendant-appellee Catherine G. Veres's ("Veres") motion to enforce settlement agreement and award of attorney fees.  We affirm.

## II.  Background

{¶ 2}  Redman is the beneficiary of multiple family trusts.[1]  Disagreements arose between Redman and defendants-appellees' financial professionals who were charged with implementing and overseeing Redman's portfolio and several trusts.

{¶ 3}  The action that resulted in the settlement at issue here (the "Ohio Litigation"), as corrected and amended on June 12, 2017, named defendant-appellee Veres, individually and as the president of codefendant Cornerstone Family Office L.L.C. ("Cornerstone"), and John E. Burns ("Burns"), individually and as president of Altus Capital, Inc. ("Altus").

{¶ 4}  Veres's and Cornerstone's services included:  financial planning and analysis, investment advice, general accounting services, and management and oversight of client finances in the role of chief financial officer.  Burns served as the uncompensated trustee of one of the trusts and performed investment services on a fee basis for that trust outside of the scope of the trusteeship, and also performed services for the second trust via Altus.

---

[1] Plaintiff Dorothea Kingsbury is a successor trustee for two of the trusts.

{¶ 5} The complaint alleged breach of fiduciary duty and accountant malpractice and prayed for punitive and compensatory damages. Redman complained that Burns and Altus chose to invest in precious metals that were depreciating in value, failed to invest in stocks during a growing market except for stocks in which the defendants were invested, and mismanaged the investment of exchanged-traded fund securities ("EFTs"). Redman also asserted that Veres and Cornerstone "passively observed the damage that Burns and Altus Capital wrought on Redman's portfolio." Redman charged that the actions or inaction of defendants caused the trusts, and Redman's family generally, to lose millions of dollars.

{¶ 6} The parties entered into a settlement agreement during the November 2018 trial. On November 13, 2018, the parties executed the "Confidential Global Settlement Agreement and Release" ("GSA"). The GSA settled the instant case and other controversies between the parties that included, but were not limited to, disputes regarding the 2003 B. Charles Ames Trust and a 2012 Joyce G. Ames irrevocable trust.

{¶ 7} The GSA also settled *Redman v. Veres*, 19th Cir. No. 2018-CA-000655, Indian River County, Florida, in which Redman filed suit against Veres as the former trustee of the 2012 trust. ("Florida Litigation"). Also settled was a suit that involved Veres as the successor trustee of the Bruce Charles Ames Declaration of Trust originally dated July 25, 1982, restated by the Complete Restatement of Declaration of Trust dated July 13, 2012, as amended in 2014 (the "Declaration of Trust") as part of an estate probate action. *In re Estate of B. Charles Ames*,

Cuyahoga P.C. No. 2018-EST-236150 ("Probate Litigation"). The Declaration of Trust is governed by Florida law.

{¶ 8} B. Charles Ames died on September 22, 2017, and is survived by his spouse, Redman, and Redman's two siblings. Veres serves as the trustee of the Declaration of Trust. A disagreement has arisen between Redman and Veres on the interpretation of the 2014 amendment to the trust. Redman argues that Redman, her two siblings, and their lineal descendants are qualified beneficiaries of a specific bequest under the Declaration of Trust. Under Redman's interpretation of the trust terms, the siblings are entitled to $7.5 million each. Under Veres's interpretation of the trust terms, Redman and her two siblings are not qualified beneficiaries and are not entitled to the distribution or to a trust accounting under Florida law.

{¶ 9} On August 1, 2019, Redman filed a complaint for declaratory judgment as to the trust terms in the Cuyahoga County Probate Division against Veres as trustee of the Declaration of Trust, Redman's siblings, their mother, and the Ohio Attorney General. *The Adversarial Case of Paula Ames Redman*, Cuyahoga P.C. No. 2019ADV245497 (Aug. 1, 2019) ("Declaratory Matter").

{¶ 10} On August 19, 2019, Veres filed a motion to stay the proceedings in the Declaratory Matter. The probate court granted the motion to stay on September 19, 2019, pending the resolution of the trial court proceedings in the instant case.

{¶ 11} On September 5, 2019, Veres filed a motion under seal to enforce the GSA in the trial court below and requested a hearing. Veres argued the GSA specifies

that disputes regarding the matters covered by the GSA must be mediated prior to filing suit. If mediation is not successful, the GSA provides that Redman is entitled to file a probate court action; however, in any suit, Veres is to be named only as a nominal party in a declaratory judgment action in which no damages are sought from her.

{¶ 12} Redman countered that the trust interpretation issue addressed in the Declaratory Matter is outside the scope of the GSA so the mediation clause did not apply and that mediation would be a futile act based on the strained relationship of the parties. Redman also argued that the motion to enforce the GSA was made in bad faith.

{¶ 13} The motion was heard on October 25, 2019. In a December 13, 2019 judgment entry, the trial court confirmed that it retained jurisdiction over the settlement agreement. The trial court concluded that Redman breached the GSA by filing the Declaratory Matter in its current form. The motion to enforce was granted in part, and the parties were ordered to proceed to mediation.

{¶ 14} The issues were not resolved at the May 4, 2020 mediation. Redman advised the trial court that a motion to lift the stay in the probate Declaratory Matter was filed on May 7, 2020. The motion to lift the stay was opposed by Veres who advised the probate court the matter was still pending.

{¶ 15} Following a July 8, 2020 status conference, the trial court issued a judgment entry. Redman was ordered to "modify her probate court lawsuit so that * * * Veres is included only as a nominal party * * * [and] is not accused of any

wrongdoing." Journal entry No. 113829582, p. 2 (July 16, 2020). Redman "is to modify her probate court lawsuit within 30 days of this entry, or sanctions may be granted." *Id.* Veres's request for attorney fees was also granted.

{¶ 16} On August 4, 2020, the probate court lifted the stay, and the Declaratory Matter was placed on the active docket. Redman appeals the trial court's December 13, 2019 and July 17, 2020 judgment entries.

## III. Assignments of Error

{¶ 17} Redman poses two assignments of error:

I.     The trial court erred when it granted appellee Catherine G. Veres's motion to enforce settlement agreement in its journal entries dated December 13, 2019, and July 17, 2020.

II.    The trial court erred in unilaterally awarding attorney fees.

## IV. Discussion

### A. Motion to Enforce Settlement Agreement

### 1. Standard of Review

{¶ 18} The standard of review for a motion to enforce a settlement agreement turns on the question presented. "If the question is an evidentiary one, this court will not overturn the trial court's finding if there was sufficient evidence to support such finding." *Turoczy Bonding Co. v. Mitchell*, 2018-Ohio-3173, 118 N.E.3d 439, ¶ 15 (8th Dist.), citing *Chirchiglia v. Ohio Bur. of Workers' Comp.*, 138 Ohio App.3d 676, 679, 742 N.E.2d 180 (7th Dist.2000). "[W]here the issue is a question of contract law," this court "must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law." *Id.*, citing *id.*,

citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 1996-Ohio-158, 660 N.E.2d 431.

### 2. Analysis

**{¶ 19}** Redman asserts that (1) the purely legal issues pending in the Declaratory Matter are outside the scope of the GSA; (2) Veres is a nominal party to the Declaratory Matter; (3) Redman does not allege wrongdoing against Veres; (4) Redman was not required to mediate under the GSA; and (5) the trial court lacked jurisdiction to order Redman to amend the probate complaint. Thus, the question before this court involves the interpretation of the terms of the GSA.

**{¶ 20}** It is axiomatic that

> settlement agreements are contractual in nature and, as such, basic principles of contract law apply. *Rulli v. Fan Co.*, 79 Ohio St.3d 374, 1997-Ohio-380, 683 N.E.2d 337. "'[A] valid settlement agreement is a contract between parties, requiring a meeting of the minds as well as an offer and an acceptance thereof.'" *Id.* at 376, quoting *Noroski v. Fallet*, 2 Ohio St.3d 77, 79, 442 N.E.2d 1302 (1982). Additionally, the terms of the settlement agreement must be reasonably certain and clear. *Id.* Ohio law prefers that a settlement be memorialized in writing. *Kostelnik v. Helper*, 96 Ohio St.3d 1, 3, 2002-Ohio-2985, 770 N.E.2d 58.

*Schalmo Builders, Inc. v. Zama*, 8th Dist. Cuyahoga No. 90782, 2008-Ohio-5879, ¶ 15.

**{¶ 21}** The GSA provides "disputes and controversies exist between the Parties" relating to the professional services provided by the defendants regarding "but not limited to" various Ames family trusts including the B. Charles Ames 2003 Trust and 2012 Joyce G. Ames Irrevocable Trust (the "Dispute"). The Dispute

encompasses the instant case identified as the Ohio Litigation, the Florida Litigation, and the Probate litigation.

{¶ 22} The trial court determined that sections 2 and 4 of the GSA have been breached. Section 2 of the GSA provides that Redman and Veres agree to "mediate any claims for which Ms. Veres has legal responsibility and sole authority in her capacity as Trustee" of the Declaration of Trust. The GSA also provides:

> This provision does not preclude Ms. Veres in her capacity as Trustee to impose or assert any legal defenses or objections that may be appropriate to any request or claim being made by Ms. Redman. If mediation is not successful, Ms. Redman is not precluded from filing a new action in Probate Court as long as Ms. Veres is not named as a party and no claims are brought against her in any capacity other than as a nominal party in a declaratory judgment action from whom no damages are sought. For the avoidance of doubt, Ms. Veres cannot be accused of any wrongdoing in any newly filed lawsuit.

{¶ 23} Under section 4 of the GSA, Redman agrees not to sue Veres or Cornerstone "in any forum for any reasons in connection with, relating to, or arising out of the Dispute or any role of Ms. Veres and/or Cornerstone with respect to the 2003 and 2012 Trust." Section 6 of the GSA adds that the parties agree not to disparage each other including through court filings, and that the provision "is a material and essential term of this Agreement and shall be interpreted to be consistent with a full and final resolution of this dispute."

{¶ 24} The complaint in the Declaratory Matter seeks an interpretation of the Declaration of Trust for two issues: (1) whether gifts to the 2012 Joyce Trust reduced the Declaration of Trust's specific bequests calculations to zero; and (2)

whether the grantor's children are "qualified beneficiaries" of the Declaration of Trust under controlling Florida law.

{¶ 25} Defendant Veres is identified in the Declaratory Matter as the successor trustee of the Declaration of Trust. Count I is entitled "Declaratory Judgment." Redman seeks a declaration that (1) Redman's interpretation of the trust provision is correct, (2) Redman and her lineal descendants are entitled to have their trust shares immediately allocated, (3) Redman is a qualified beneficiary under the trust, and (4) Veres as trustee is to provide trust account and other information specified under Sections 736.0813 and 736.0815 of the Florida statutes.

{¶ 26} Counts II and III do not request declaratory relief. Rather, Count II alleges that Veres as trustee has "failed and refused to satisfy the required bequests and is in breach of the Declaration of Trust." Complaint, ¶ 51. Count II also states that as the result of Veres's breach, "Redman has been damaged and is entitled to * * * an order requiring that the bequests specified in the * * * Declaration of Trust * * * be immediately allocated to a trust share" for the benefit of Redman and her lineal descendants. The relief requested has already been petitioned under Count I.[2]

{¶ 27} Count III asserts that Veres as trustee breached Sections 736.0813 and 736.0815 of the Florida statutes by taking the position that Redman is not a qualified beneficiary and is not entitled to a trust accounting under the statutes.

---

[2] In fact, the request under Count I that the probate court order Veres as trustee to provide trust accounting and other information as may be specified under the Florida statutes is arguably unnecessary. A subparagraph of Count I requests that Redman and her lineal descendants be deemed qualified beneficiaries. That declaration would, in turn, require Veres as trustee to comply with the Florida statutes.

"Redman has been damaged and is entitled to * * * an order requiring [trustee] Veres * * * to provide trust accounting and other information" pursuant to the statutes. Again, the relief requested has already been petitioned under Count I.[3]

{¶ 28} The GSA unequivocally establishes the obligation to pursue resolution of the Declaration of Trust matters first by mediation and subsequently a declaratory judgment in the probate court. It also recognizes that the probate court is the proper forum because "R.C. 2721.05 explicitly provides a right of action for a trust beneficiary seeking a declaration concerning the interpretation of a trust provision." *In re Arnott*, 190 Ohio App.3d 493, 2010-Ohio-5392, 942 N.E.2d 1124, ¶ 30 (4th Dist.).

{¶ 29} Redman offers that the GSA does not apply because Veres does not have "legal responsibility and sole authority in her capacity as trustee" of the Declaration of Trust. Counsel for Redman explained at the hearing:

> [Veres] does not have that sole responsibility or authority to resolve these issues because, one, it's a legal issue. It requires court review and approval and because not all of the parties are even a part of this agreement, the State of Ohio must be a party. So the initial position is this thing doesn't even apply.
>
> The second position is even if it did apply, right, it's an impossible provision. The way this thing is structured it's impossible because for the same two reasons; the parties cannot resolve this without judicial review and approval. That happens in the probate court. It cannot happen — it's impossible and without having the State of Ohio involved and with their approval or their participation.

---

[3] Redman's counsel also pronounced at the hearing that the allegations in Counts II and III that Veres breached a duty and Redman has been damaged as a result of the breach are statements of fact and do not claim that Veres did anything wrong. (Tr. 18-19.)

(Tr. 16.)

{¶ 30} We find Redman's position perplexing. First, Redman's appellate brief concedes that "[s]ince B. Charles Ames['s] death, Veres (as Trustee) has had sole and exclusive control of the B. Charles Ames Trust." Appellant's brief, p. 6. The B. Charles Ames Trust is the Declaration of Trust that is the subject of the Declaratory Matter. Second, Redman has also suggested that the GSA does not apply because Veres is not vested with authority by the terms of the Declaration of Trust to resolve the legal issues in the Declaratory Matter. Clearly, the mediation provision and right to pursue resolution in the probate court contemplates that Veres was never intended to be the arbiter of a dispute. Where, as is the case here, the GSA language is clear and unambiguous, extrinsic evidence will not be considered. *Lakeside Produce Distrib. v. Wirtz*, 8th Dist. Cuyahoga No. 109460, 2021-Ohio-505, ¶ 30-31.

{¶ 31} In addition, the GSA is governed by Ohio Law. In the role of trustee, as the GSA contemplates, Veres is statutorily empowered to (1) "[r]esolve a dispute concerning the interpretation of the trust or its administration by mediation, arbitration, or other procedure for alternative dispute resolution," (2) "take reasonable steps to take control of and protect the trust property," and (3) enforce and defend claims against the trust. R.C. 5808.16(W), 5808.09 and 5808.11.

{¶ 32} Redman further argues that Veres is named as a nominal party. The trial court determined that "'a "nominal party" is one whose presence in the action is either: (1) merely formal; or (2) unnecessary for a just and proper resolution of

the claim(s) presented.'" Journal entry No. 113829582, p. 2 (July 16, 2020), quoting *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, 23 N.E.3d 1077, ¶ 22.

{¶ 33} We agree that, as to Count I of the complaint, Veres is a nominal party who is joined because her "connection with the subject-matter [as trustee] is such that the plaintiff's action would be defective, under the technical rules of practice, if [s]he were not joined." *Suhar v. Itana Elder's Council Trust,* Trumbull C.P. No. 2016 CV 01437, 2017 Ohio Misc. LEXIS 19555 (Sept. 12, 2017), 8, fn. 3. *See also* Parties. (*Black's Law Dictionary* [6th Ed.1991]).

{¶ 34} In contrast to Count I, Counts II and III charge that Veres, as trustee, breached the Declaratory Trust provision and Florida statutes, and that Redman was damaged as the result of these breaches. The relief requested under Count I mirrors the requests in Counts II and III. This court finds that the Counts II and III do not comply with the GSA terms.

{¶ 35} Redman also posits that the trial court lacks jurisdiction to order Redman to amend the probate complaint and that the trial court failed to cite legal authority or rationale to support its holding that Redman must comply with the GSA and amend the Declaratory Matter pleading. "[T]here is no authority, statutory or otherwise, permitting the Trial Court to dictate the substance of the pleadings to be filed in a case pending in another division" of the Common Pleas Court. Appellant's brief, p. 21.

{¶ 36} Redman has presented neither case law nor statute to support the argument that the trial court below lacks authority or jurisdiction to enforce the GSA as to the parties. An appellant is required to present citations, statutes, and parts of the record on which appellant relies to support appellant's contention for each assignment of error. *Rodriguez v. Rodriguez*, 8th Dist. Cuyahoga No. 91412, 2009-Ohio-3456, ¶ 5-6, citing App.R. 16(A)(7).

{¶ 37} The trial court retained jurisdiction over the GSA. The trial court has also stated that sanctions may be granted for the failure to modify the complaint in the Declaratory Matter. While it is obvious that the trial court does not have jurisdiction to order the probate court to amend the pleadings, that is not the case with a party's failure to comply with the GSA.

{¶ 38} We find that the first assigned error lacks merit.

## B. Attorney fees

{¶ 39} Redman argues here that Veres is not entitled to attorney fees. The trial court ruled:

> The court grants defendant Veres reasonable attorney fees incurred in pursuing its motion. *See Rayco Mfg. v. Murphy, Rogers, Sloss & Gambel*, 8th Dist. Cuyahoga No. 106714, 2019-Ohio-3756, ¶ 11 ("attorney fees can be awarded as compensatory damages to the prevailing party on a motion to enforce a settlement agreement when the fees are incurred as a direct result of a breach of the settlement agreement"). Defendant Veres shall submit evidence of her reasonable attorney fees within 30 days of this entry. If requested, a hearing on attorney fees will be set after defendant Veres's evidence is submitted.

Journal entry No. 113829582, p. 2 (July 16, 2020).

**{¶ 40}** Redman's position here is that Veres is not entitled to attorney fees because Redman did not breach the GSA. Our finding that Redman breached the GSA under the first assigned error renders this argument moot. App.R. 12(A).

## V. Conclusion

**{¶ 41}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR