[Cite as *Capriolo v. Am. Constr. Group, L.L.C.*, 2022-Ohio-4508.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

CHRIS CAPRIOLO, ET AL.,             :

      Plaintiffs-Appellees,        :

                             No. 111403

      v.                          :

AMERICAN CONSTRUCTION
GROUP, LLC, ET AL.,                 :

      Defendants-Appellants.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-869958

---

### *Appearances:*

Myers Law LLC, and Daniel J. Myers, *for appellees.*

Joseph A. Pfundstein, *for appellants.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendants-appellants American Construction Group, LLC ("ACG"), William Foster ("Foster"), and MDF Development Group ("MDF") (collectively, "defendants" or "appellants") appeal from the trial court's judgment granting plaintiffs-appellees' Chris and Terri Capriolo ("the Capriolos") motion to enforce the

settlement agreement. For the reasons that follow, we affirm and remand for the limited purpose of issuing a nunc pro tunc order.

**Factual and Procedural History**

{¶ 2} On October 4, 2016, the Capriolos filed a complaint against defendants-appellants Foster, ACG, and the Cincinnati Insurance Company ("Cincinnati"), relating to the installation of a swimming pool in the backyard of the Capriolos' home in Westlake, Ohio. The Capriolos brought claims for breach of contract, negligence, violations of the Home Construction Service Suppliers Act, R.C. 4722.01 et seq., violations of the Home Solicitation Sales Act ("HSSA"), and violations of the Consumer Sales Practices Act. The Capriolos also brought a claim of breach of contract on bond against Cincinnati. The Capriolos sought injunctive and declaratory relief, as well as money damages from all parties.

{¶ 3} On November 4, 2016, Cincinnati filed an answer. On December 1, 2016, the Capriolos filed an amended complaint, bringing additional claims for quiet title and slander to title related to a mechanic's lien that ACG filed and recorded against their property. The same day, Cincinnati filed an amended answer and cross-claim against ACG.

{¶ 4} On December 30, 2016, ACG filed an answer to Cincinnati's cross-claim. On January 20, 2017, ACG and Foster filed an answer and counterclaims to the Capriolos' amended complaint.

{¶ 5} On March 7, 2017, the Capriolos filed a second amended complaint, adding American Pools & Fountains, Ltd. ("American Pools") and MDF as defendants.

{¶ 6} On March 27, 2017, ACG and Foster filed an answer and counterclaims to the Capriolos' second amended complaint. On April 10, 2017, MDF filed its answer and counterclaim to the Capriolos' second amended complaint.

{¶ 7} On May 8, 2017, the Capriolos filed a motion for judgment on the pleadings as to MDF's counterclaim. On July 7, 2017, the trial court granted the Capriolos' motion for judgment on the pleadings.

{¶ 8} On August 25, 2017, the Capriolos filed a notice of voluntary dismissal of their complaint against MDF.

{¶ 9} On October 17, 2017, the Capriolos filed a third amended complaint in which they changed the names of the plaintiffs and added Westview Concrete Corp. ("Westview") and Latham Pool Products, Inc. ("Latham") as defendants.

{¶ 10} The Capriolos, ACG, MDF, and Foster ultimately executed a settlement agreement.

{¶ 11} On July 24, 2018, the court issued a journal entry stating:

> Upon the parties [sic] notice to the dispute resolution department, the matter has been settled. The parties are to submit their own agreed entry.

On February 13, 2019, the court issued a journal entry stating:

> The court notes the case was settled six months ago. As such, it is removed from the court's active docket. This court retains jurisdiction to enforce settlement in this case. Parties have 30 days from the date of

this entry to supplement the docket with a notice of dismissal with instructions as to court costs.

On February 15, 2019, the court issued a journal entry stating:

> This case has been settled. All claims are dismissed with prejudice. Defendants to share costs equally. So ordered. Court cost assessed as directed. Pursuant to Civ.R. 58(B), the clerk of courts is directed to serve this judgment in a manner prescribed by Civ.R. 5(B).

{¶ 12} On May 24, 2019, the Capriolos filed a motion to enforce the settlement agreement. On August 12, 2019, the court held a hearing on the motion. The corresponding journal entry states, in relevant part:

> Plaintiffs and Defendant [ACG] entered into a performance settlement agreement. The terms of the performance settlement agreement were articulated and with the consent of the parties were verbalized, and entered into the record as an enforceable performance agreement. This court retains jurisdiction to enforce the terms of the performance settlement agreement. If the parties fail to perform, the aggrieved party will inform the court. Therefore, a hearing is set for 10/3/2019.

The hearing was continued, and on October 11, 2019, defendants ACG, Foster, and American Pools filed a response to the Capriolos' motion to enforce settlement agreement.

{¶ 13} After multiple continuances, due in part to the Covid-19 pandemic, the court held a Zoom hearing on the motion to enforce the settlement agreement. The docket reflects that an issue arose during defendants' argument regarding defendants' intention to call plaintiff's counsel as a witness; the hearing was adjourned, and the court set a briefing schedule for the parties to address the issue. The court ultimately denied defendants' request to call plaintiff's counsel as a witness.

{¶ 14} The court held a Zoom hearing on February 11, 2022. On February 14, 2022, the court issued a journal entry stating, in relevant part:

> Case called for Zoom hearing on 2/11/2022. The parties informed the court that no further evidence or testimony would be submitted. Parties stipulated to the admission of Exhibits 1, 2, 3, 4, and 5. Exhibits 1 through 5 are hereby admitted. Parties may file a final statement with a proposed journal entry by 2/25/2022.

{¶ 15} On February 25, 2022, the Capriolos filed a closing brief and proposed journal entry. On March 1, 2022, the court granted the Capriolos' motion to enforce the settlement agreement and issued the following journal entry, stating in relevant part:

> This case comes before the court on plaintiff's motion to enforce the settlement agreement. After hearing the evidence through multiple hearings, including an on-site inspection performed at the property by the court along with the City of Westlake Building Department, the court finds in favor of plaintiffs and grants their motion to enforce the settlement agreement.
>
> The parties do not dispute that a valid settlement agreement was negotiated and entered into in this action, which was attached to the motion seeking enforcement. The parties all agree through testimony, and it is clear from the evidence, that defendants breached the settlement agreement. Defendants cannot avail themselves of an impossibility defense because the circumstances that they allege caused performance to become impossible were contributed to by them, and were their fault. Defendants' testimony was not found to be credible.
>
> Accordingly, plaintiffs are awarded judgment against defendants American Construction Group, Bill Foster, and MGD Development, [1] jointly and severally, in the amount of $40,948. Court cost assessed as directed.

---

[1] Both the Capriolos' proposed journal entry and the court's March 1, 2022, journal entry contains a clerical error, referring to "MGD Development" rather than "MDF Development."

{¶ 16} On March 30, 2022, defendants filed a notice of appeal from the March 1, 2022 judgment entry granting the motion to enforce the settlement agreement. On April 11, 2022, this court sua sponte ordered the appellants to file an amended notice of appeal clarifying the parties to the appeal. On April 13, 2022, the appellants filed an amended notice of appeal, clarifying that ACG, Foster, and MDF were appealing the trial court's March 1, 2022 judgment entry.

{¶ 17} On June 8, 2022, the record in this appeal was sua sponte converted into an App.R. 9(A) record for failure to file an App.R. 9(B) transcript. On June 13, 2022, the Capriolos filed a motion to dismiss the appeal for lack of record. The same day, this court denied the Capriolos' motion to dismiss.

{¶ 18} Appellants raise the following assignments of error for our review:

> I. The trial court erred in granting plaintiff-appellee's motion to enforce settlement agreement against MDF Development Group, LLC.

> II. The trial court erred in granting plaintiff-appellee's motion to enforce settlement as the amount awarded did not conform to the evidence presented.

**Legal Analysis**

**I. Standard of Review**

{¶ 19} The standard of review for a motion to enforce a settlement agreement turns on the question presented. "'If the question is an evidentiary one, this court will not overturn the trial court's finding if there was sufficient evidence to support such finding.'" *Kingsbury v. Cornerstone Family Office L.L.C.*, 8th Dist. Cuyahoga No. 109886, 2022-Ohio-18, ¶ 18, citing *Turoczy Bonding Co. v. Mitchell*,

2018-Ohio-3173, 118 N.E.3d 439, ¶ 15 (8th Dist.). Where there is a question of law, we must determine whether the trial court's order is based on an erroneous standard or a misconstruction of the law. *Id.*, citing *Continental W. Condominium Unit Owners Assn. v. Howard E. Ferguson, Inc.*, 74 Ohio St.3d 501, 502, 660 N.E.2d 431 (1996). This appeal primarily involves an evidentiary question.

## II. Law and Analysis

{¶ 20} In the appellants' first assignment of error, they argue that the trial court erred in granting the Capriolos' motion to enforce the settlement agreement against MDF. Specifically, appellants argue that MDF had no responsibilities under the settlement agreement, and therefore it was improper for the court to include MDF in its order granting the Capriolos' motion to enforce the settlement agreement.

{¶ 21} We note that the settlement agreement referred to the parties as follows:

> THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE ("Agreement") is made and entered by and among Chris Capriolo, Terri Capriolo, and the Theresa Capriolo Trust (the "Capriolos") and the following defendants; American Construction Group, LLC., dba American Construction Group Ltd., and its associated companies, American Pools & Fountains, Ltd., MDF Development Group, LLC., dba MDF Development Group, William H. Foster, The Cincinnati Insurance Company, and its affiliated companies (collectively "ACG"); Westview Concrete Corp., and Latham Pool Products Inc.

Therefore, to the extent the settlement agreement imposed responsibilities on "ACG," these responsibilities were likewise imposed on MDF.[2] For these reasons, appellants' first assignment of error is overruled.

{¶ 22} We note that the March 1, 2022 judgment entry granting the Capriolos' motion to enforce the settlement agreement refers to "MGD Development" rather than "MDF Development." Given that no entity known as "MGD Development" is referenced anywhere in the record, this constitutes a clerical error. "It is axiomatic that a court has the power to correct a clerical error pursuant to Civ.R. 60(A)." *Dentsply Internatl., Inc. v. Kostas*, 26 Ohio App.3d 116, 118, 498 N.E. 2d 1079 (8th Dist.1985). "A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth." *Scaglione v. Saridakis*, 8th Dist. Cuyahoga No. 91490, 2009-Ohio-4702, ¶ 9. Nunc pro tunc orders can be used to correct typographical and clerical errors. *Id*. Therefore, we remand the case for the limited purpose of allowing the trial court to issue a nunc pro tunc entry to reflect the correct name of defendant-appellant MDF.

{¶ 23} In their second assignment of error, appellants argue that the trial court erred in granting the Capriolos' motion to enforce the settlement agreement because the amount awarded did not conform to the evidence presented.

---

[2] The Capriolos asserted in their second amended complaint and in this appeal that MDF was the owner of ACG "and otherwise shared assets, employees, offices, owners, directors, members, documents, and involvement in the pool installation project," and therefore "MDF was merely the alter ego of ACG and vice-versa." Because of the clear language of the settlement agreement outlined above, an analysis of the corporate relationship of the two entities is unnecessary to this appeal.

Specifically, the appellants assert that the award of $40,948 is $22,000 more than what was presented to the court, and in particular, there was no evidence presented to the court that the Capriolos' patio needed to be replaced.

{¶ 24} Appellants' second assignment of error is based on their disagreement with factual determinations made by the trial court related to damages arising from appellants' breach of the settlement agreement. We will not disturb a trial court's factual determinations related to a motion to enforce a settlement agreement where they are supported by sufficient evidence. *Kingsbury*, 8th Dist. Cuyahoga No. 109886, 2022-Ohio-18, at ¶ 18, citing *Turoczy*, 2018-Ohio-3173, 118 N.E.3d 439, at ¶ 15 (8th Dist.).

{¶ 25} In their February 25, 2022 closing brief, the Capriolos refer to exhibit Nos. 1 through 5, the admission of which was stipulated to by the parties at the February 11, 2022 hearing. These exhibits apparently contain invoices and estimates related to various aspects of the pool project at issue in this case. While the Capriolos' closing brief is a part of this court's record on appeal, the exhibits themselves are not. Additionally, because the appellants failed to file a transcript of the hearing on the motion to enforce the settlement agreement, the record is devoid of any additional reference to these exhibits.

{¶ 26} With regard to appellate procedure, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the trial court's decision. App.R. 9(B); *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). "This court has consistently held that '[f]ailure to

file the transcript prevents an appellate court from reviewing an appellant's assigned errors. Thus, absent a transcript or alternative record under App.R. 9(C) or (D), we must presume regularity in the proceedings below.'" *Farmer v. Healthcare Bridge*, 8th Dist. Cuyahoga No. 110469, 2021-Ohio-3207, ¶ 6, quoting *Lakewood v. Collins*, 8th Dist. Cuyahoga No. 102953, 2015-Ohio-4389, ¶ 9. *See also Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) ("When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm."). No appellant in this case has filed a transcript of the proceedings below. Absent a transcript or alternative record under App.R. 9, we must presume regularity in the proceedings below.

{¶ 27} In the instant case, the court presumably heard arguments from the parties and considered evidence related to the enforcement of the settlement agreement. Moreover, the record reflects that the court conducted a site visit and presumably saw evidence related to the project and the incomplete work firsthand. In its journal entry, the court stated that the parties agreed that a valid settlement agreement was in effect and defendants had breached the agreement. The court went on to note that it had found defendants' impossibility defense lacked merit, and it had found defendants' testimony lacked credibility. In following well-established Ohio law, we must presume regularity of the trial court proceedings and

affirm the judgment of the trial court. Defendants' second assignment of error is overruled.

{¶ 28} Judgment affirmed. Case remanded for the limited purpose of issuing a nunc pro tunc order in accordance with this opinion.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR