[Cite as *Ruff v. Bakery, Confectionary, Tobacco Workers & Grain Millers & Industry Internatl.*, 2020-Ohio-2953.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| G. Thomas Ruff, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 19AP-348 |
| v. | : | (C.P.C. No. 14CV-5487) |
| Bakery, Confectionary, Tobacco Workers & Grain Millers & Industry International et al., | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on May 14, 2020

**On brief:** *G. Thomas Ruff*, pro se. **Argued:** *G. Thomas Ruff.*

**On brief:** *The Law Offices of Leonard S. Sigall, Leonard S. Sigall,* and *Steven D. Stone,* for appellee Bakers Union Local #57. **Argued:** *Steven D. Stone.*

APPEAL from the Franklin County Court of Common Pleas

BEATTY BLUNT, J.

{¶ 1} Appellant, G. Thomas Ruff, pro se, appeals the decision of the Franklin County Court of Common Pleas denying his "Motion for Relief from Judgment Pursuant to Ohio's Civ.R. 60(B)(1)(3) and; Pursuant to the Doctrine of Clean Hands; in the Alternative a Common Law Motion to Vacate a Void Judgment."

{¶ 2} This case arises from Ruff's employment from 2000 through 2004 at a Kroger bakery in Columbus, and his membership in the defendant Bakery, Confectionary, Tobacco Workers & Grain Millers & Industry International, the defendant Bakers Union Local #57, and defendant Bakery & Confectionary Union & Industry International Pension Fund Board of Trustees (collectively "the union"). Ruff believes he was defrauded by the

No. 19AP-348

union and has been pursuing this case since 2014 in the courts of Franklin County and the United States District Court.

{¶ 3} In September 2004, the Kroger bakery was downsized. Ruff alleged the bakery and union entered into an agreement to facilitate downsizing, part of which permitted members to defer a severance payment for one year in exchange for remaining on a seniority-based call-in list from which any later opened positions would be filled. Ruff chose to participate and was included on the call-in list, but he was never recalled. He claims Kroger avoided drawing on the list by mandating overtime from its employees and asserts the union should have fought against this policy as a breach of the collective bargaining agreement. The basis of his claims here, however, is his belief the union treated his choice to elect deferred severance as a permanent withdrawal from the union, and he was thereby allegedly defrauded out of his earned seniority and pension benefits.

{¶ 4} The record is unclear whether he pursued any administrative remedies against the union, but nearly ten years after he was downsized, Ruff filed a complaint in Franklin County Common Pleas Court alleging the union had conspired with Kroger to breach the collective bargaining agreement and thereby breached its duty of fair representation to him, and also the union owed him fiduciary duties and had breached those duties.

{¶ 5} On June 19, 2014, the union filed a notice of removal of the case to the United States District Court for the Southern District of Ohio. The union asserted Ruff's claims were essentially federal labor law claims under the Wagner Act, 29 U.S.C. 185 and/or 28 U.S.C. 1331 and 1337(a), which fall within the original subject-matter jurisdiction over the federal courts. As a result of the removal, the case proceeded in federal court and, on May 7, 2018, the Sixth Circuit Court of Appeals affirmed the District Court's judgment dismissing some of Ruff's claims and holding the remaining claims were untimely.

{¶ 6} Ruff did not accept this loss, and on August 22, 2018, he filed a new "amended complaint" in Franklin County Common Pleas Court. On September 6, 2018, the union filed a motion to dismiss with prejudice, arguing the case had been properly removed to federal court and had not been remanded but, instead, was decided on the merits in favor of defendants. On October 1, 2018, the court issued an order treating Ruff's "amended complaint" as a motion for leave to amend his complaint and denied the motion, stating the

No. 19AP-348

"matter was fully litigated in the Southern District, decided on the merits, and affirmed on appeal to the Sixth Circuit. * * * It would be prejudicial and unjust to allow Plaintiff the opportunity to re-litigate issues previously decided by the federal court system."

{¶ 7} Ruff filed several motions in response, all of which were summarily denied by the trial court. On April 12, 2019, he filed a "Motion for Relief from Judgment Pursuant to Ohio's Civ.R. 60(B)(1)(3) and; Pursuant to the Doctrine of Clean Hands; in the Alternative a Common Law Motion to Vacate a Void Judgment." The trial court denied this motion on May 10, 2019:

> This case was initiated on May 27, 2014. On June 19, 2014, a Notice of Removal to the United States District Court for the Southern District of Ohio, Eastern Division was filed, and this case was terminated. A review of the docket reflects that this case was not remanded by the federal court. * * * Once the provisions of 28 U.S.C. § 1446(d) have been met, the state court is divested of jurisdiction until there has been a remand by the federal court. * * * The instant matter has not been remanded by the federal court. * * * [And it] cannot be considered for lack of jurisdiction.

(May 10, 2019 Entry at 1-2.)

{¶ 8} The court accordingly held it lacked subject-matter jurisdiction under 28 U.S.C. 1446(d) to determine Ruff's case. Ruff now appeals, and asserts a single assignment of error:

> The trial court erred and abused its discretion in dismissing the appellant's action for lack of jurisdiction.

{¶ 9} First, we note Ruff's motion is essentially a motion for relief under Civ.R. 60(B). *See generally Cunningham v. ODOT*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 32-35. To prevail on a Civ.R. 60(B) motion, the movant must demonstrate: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A party who files a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief, nor to a hearing on the motion. *Cuervo v. Snell*, 131

No. 19AP-348

Ohio App.3d 560, 569 (10th Dist.1998). Instead, the movant bears the burden of demonstrating it is entitled to a hearing on the motion. *Id.* To warrant a hearing, the movant must allege operative facts that, if true, would be sufficient to establish each of the elements of the *GTE* test, and if the movant fails to allege operative facts with respect to each of these elements, the court is not required to hold an evidentiary hearing. *State ex rel. Richard v. Seidner*, 78 Ohio St.3d 116, 117 (1997). The decision on a Civ.R. 60(B) motion is within the sound discretion of the trial court, and an appellate court will not reverse that determination absent an abuse of discretion. *See Moore v. Emmanuel Family Training Ctr.*, 18 Ohio St.3d 64, 66 (1985). An abuse of discretion implies the court's attitude was unreasonable, arbitrary or unconscionable. *Cunningham* at ¶ 34, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 10} Our analysis of the trial court's ruling that it lacked jurisdiction over Ruff's Civ.R. 60(B) motion is controlled by 28 U.S.C 1446(d), which provides:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded.

"A basic removal principle is that once the provisions of Section 1446(d), Title 28, U.S. Code have been met, the state court is divested of jurisdiction to proceed further *until there has been a remand by the federal court.*" (Emphasis added.) *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, ¶ 12, citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir.1996), and *Maseda v. Honda Motor Co., Ltd.*, 861 F.2d 1248, 1254 (11th Cir.1988). A properly filed notice of removal in the state court thus " ' "immediately strips the state court of its jurisdiction." ' " *Nyamusevya v. Med. Mut. of Ohio*, 10th Dist. No. 02AP-769, 2003-Ohio-3335, ¶ 24, quoting *In re Diet Drugs*, 282 F.3d 220, 232 (3d Cir.2002), fn. 6, quoting *Yarnevic* at 754  "As a result, any subsequent state court proceedings are without effect even if the federal court later determines that removal was not proper." *Borkowski* at ¶ 12, citing *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir.1971). And the federal court retains all jurisdiction over the matter unless and until it is remanded to the state court. "If at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * * A certified copy of the order of remand shall

No. 19AP-348

be mailed by the clerk to the clerk of the State court. *The State court may thereupon proceed with such case.*" (Emphasis added.) 28 U.S.C. 1447(c). *See also Borkowski* at ¶ 12 (holding that "[u]pon remand, the state court's jurisdiction over the matter is revived).

{¶ 11} Here, Ruff's case was removed to the federal court and has never been remanded. Instead, the federal court reached the merits and granted final judgment against Ruff, and that decision was affirmed on appeal. Because the federal court was under no obligation to remand a meritless case that had been finally determined against Ruff, the trial court correctly held it had not been remanded under 28 U.S.C. 1447(c). And even if the filing of Ruff's Civ.R. 60(B) motion is appropriate, under 28 U.S.C 1446(d), the trial court had no jurisdiction to grant it. Accordingly, Ruff's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

———————————