**[Cite as *State ex rel. Meros v. Munson*, 2024-Ohio-172.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Thomas L. Meros, | : | |
| Relator, | : | |
| v. | : | No. 23AP-366 |
| [Honorable] Sheryl K. Munson, Judge Franklin County Common Pleas Court, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

D E C I S I O N

Rendered on January 18, 2024

**On brief:** *Thomas L. Meros*, pro se.

**On brief:** *G. Gary Tyack*, Prosecuting Attorney, and *Thomas W. Ellis*, for respondent.

IN PROCEDENDO

LELAND, J.

{¶ 1} Relator, Thomas L. Meros, has filed an original action seeking a writ of procedendo ordering respondent, the Honorable Sheryl K. Munson, to issue a ruling on his motion for relief from judgment. Respondent has filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), asserting the matter is moot because respondent issued a decision and entry on July 19, 2023 denying relator's motion for relief from judgment.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. In that decision, the magistrate recommended this court grant respondent's motion to dismiss on the ground that respondent has already performed the action sought in relator's complaint.

{¶ 3} No party has filed objections to the magistrate's decision. The case is now before this court for review.

{¶ 4} Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's recommendation, we grant respondent's motion to dismiss and dismiss relator's action.

*Respondent's motion to dismiss granted;*
*action dismissed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

# APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Thomas L. Meros, | : | |
| Relator, | : | |
| v. | : | No.  23AP-366 |
| [Honorable] Sheryl K. Munson, Judge | : | (REGULAR CALENDAR) |
| Franklin County Common Pleas Court, | : | |
| Respondent. | : | |
| | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on August 17, 2023

*Thomas L. Meros,* pro se.

*G. Gary Tyack,* Prosecuting Attorney, and *Thomas W. Ellis,* for respondent.

IN PROCEDENDO
ON RESPONDENT'S MOTION TO DISMISS

**{¶ 5}** Relator, Thomas L. Meros, has filed this action in procedendo seeking a writ ordering respondent, the Honorable Sheryl K. Munson, to issue a ruling on relator's motion for relief from judgment.

## I. Findings of Fact

**{¶ 6}** 1. Relator is the plaintiff in *Meros v. Dimon,* Franklin C.P. No. 18CV-3389 ("Case No. 18CV-3389").

**{¶ 7}** 2. Respondent, who is a public official serving as a judge of the Franklin County Court of Common Pleas, is presiding over Case No. 18CV-3389.

**A. Proceedings Related to the Underlying Matter**

{¶ 8}   3. Relator filed his complaint in Case No. 18CV-3389 on April 23, 2018.

{¶ 9}   4. On May 23, 2018, a defendant in Case No. 18CV-3389 filed a notice of removal of the case to United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. 1446.[1]

{¶ 10}   5. Following the notice of removal to federal court, relator continued to file documents and motions in the common pleas court. In multiple decisions and entries, including on August 5 and October 2, 2019, and February 21, 2020, a judge previously assigned to preside over Case No. 18CV-3389 denied relator's motions, finding the court lacked jurisdiction due to the removal to federal court. After respondent began presiding over the matter, relator continued to file motions and documents. These were denied by additional decisions and entries, including on December 8, 2020 and May 21, 2021.

{¶ 11}   6. Relator filed a 316-page motion for relief from judgment under Civ.R. 60(B) on June 21, 2021. Thereafter, relator continued to file a variety of other motions and documents.

{¶ 12}   7. On July 19, 2023, the court issued a decision and entry denying relator's June 21, 2021 motion for relief from judgment. In a separate decision and entry filed the same day, the court denied all other outstanding motions filed by relator.

{¶ 13}   8. On August 4, 2023, relator filed a notice of appeal from the July 19, 2023 order denying his motion for relief from judgment. Relator also included in his notice the other denials of previously filed motions. At this time, relator's appeal remains pending before this court in Case No. 23AP-476.

**B. Proceedings in this Action in Procedendo**

{¶ 14}   9. On June 16, 2023, prior to the issuance of the decision and entry denying relator's motion for relief from judgment in Case No. 18CV-3389, relator filed in this court a complaint for writ of procedendo.

{¶ 15}   10. On June 22, 2023, a magistrate's order was issued setting requirements for future filings in the case. In particular, the magistrate's order required all subsequent pleadings, briefs, and other papers submitted for consideration to comply with this court's

---

[1] *See Meros v. Dimon,* S.D.Ohio No. 2:18-cv-510, 2019 U.S. Dist. LEXIS 51222 (Mar. 27, 2019).

local rules, specifically including Loc.R. 2(D). The order also set the following page limitations: briefs and motions, including memoranda in opposition to the same, were not to exceed 30 pages; reply briefs and memoranda were limited to 20 pages. The parties were advised that filings in excess of those page limitations would not be considered without prior leave.

{¶ 16} 11. On July 19, 2023, the same day as the decision denying relator's motion for relief from judgment was filed in Case No. 18CV-3389, respondent filed a motion to dismiss pursuant to Civ.R. 12(B)(6).

{¶ 17} 12. Relator filed a memorandum in opposition to the motion to dismiss on July 31, 2023. On August 1, 2023, a magistrate's order was issued finding relator's memorandum in opposition failed to comply with the requirements set forth in the June 22, 2023 magistrate's order. On August 11, 2023, relator filed a motion for extension of time to oppose respondent's motion to dismiss in which relator sought leave to file his memorandum in opposition to the motion to dismiss. On the same day, relator filed an amended memorandum in opposition.

## II. Discussion and Conclusions of Law

{¶ 18} Before turning to the merits of respondent's motion to dismiss, it is necessary to address relator's filings in response to the motion to dismiss. By way of the August 1, 2023 magistrate's order, relator was informed that his original memorandum in opposition was not in compliance with the requirements set forth in the June 22, 2023 magistrate's order, particularly the requirement to comply with Loc.R. 2(D), which mandates written documents to be produced in 16-point type. As a result, relator was ordered to file a corrected memorandum "in 16-point type and otherwise complying with the June 22, 2023 magistrate'[s] order." (Aug. 1, 2023 Magistrate's Order.) Relator was advised that failure to comply with this order would result in "relator's memorandum [being] sua sponte stricken from the file." (Aug. 1, 2023 Magistrate's Order.) The magistrate sua sponte granted relator an extension of time until August 4, 2023 to file a memorandum that complied with the filing requirements.

{¶ 19} On August 11, 2023, relator filed a motion for extension of time and leave to file instanter his memorandum in opposition. As explanation for the untimely filing, relator stated he was out of state when the common pleas court issued its decision denying relator's

motion for relief from judgment. Relator stated that his attention was focused on preparing his appeal from the denial of the motion for relief from judgment and, consequently, he overlooked the deadline imposed by the magistrate to resubmit his memorandum in opposition. Relator's amended memorandum also included a motion for the court to grant an oral hearing on the writ and relator's opposition to the motion to dismiss.

{¶ 20} On review, relator's amended memorandum in opposition still does not comply with the filing requirements set forth in the June 22, 2023 magistrate's order. Relator's amended memorandum is 44 pages long. This is well in excess of the 30-page limitation on such a filing.

{¶ 21} The parties were informed of the filing requirements prior to any motions or memoranda being filed. Relator was reminded of the requirements when his initial memorandum in opposition was found to not be in compliance with the same. Additionally, relator filed the amended memorandum after the original deadline for responding to the motion to dismiss *and* the sua sponte extension granted by the magistrate.

{¶ 22} Because relator's July 31, 2023 amended memorandum in opposition is in excess of the page limitations, it would be proper and consistent with the June 22, 2023 magistrate's order to refuse to consider it. Nevertheless, it is " 'a basic tenet of Ohio jurisprudence that cases should be determined on their merits and not on mere procedural technicalities.' " *Wolf-Sabatino v. Sabatino*, 10th Dist. No. 12AP-307, 2012-Ohio-6232, ¶ 26, quoting *Barksdale v. Van's Auto Sales, Inc.*, 38 Ohio St.3d 127, 128 (1988). With this important principle in mind, relator's motion for extension of time and leave to file his amended memorandum is granted. Relator's arguments in his amended memorandum in opposition will be considered despite the lack of compliance with the page limitations. Relator is cautioned that future filings with this court must comply with the Local Rules of the Tenth District Court of Appeals and this court's orders. Finally, relator's motion for an oral hearing on the writ and his memorandum in opposition is denied.

**A. Review of a Motion to Dismiss for Failure to State a Claim**

{¶ 23} A motion to dismiss for failure to state a claim is procedural and tests the sufficiency of the complaint itself and any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989).

Attachments to the complaint are considered part of the complaint for all purposes. Civ.R. 10(C). Generally, in ruling on a Civ.R. 12(B)(6) motion, a court " 'cannot resort to evidence outside the complaint to support dismissal [except] where certain written instruments are attached to the complaint.' " *Brisk v. Draf Indus.*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10, quoting *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.).

{¶ 24} A court reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6) must presume all factual allegations contained in the complaint to be true and make all reasonable inferences in favor of the nonmoving party. *Red Foot Racing Stables v. Polhamus*, 10th Dist. No. 19AP-390, 2020-Ohio-592, ¶ 11, citing *State ex rel. Turner v. Houk*, 112 Ohio St.3d 561, 2007-Ohio-814, ¶ 5. "Before the court may dismiss the complaint, it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Jones v. Dann*, 10th Dist. No. 09AP-352, 2009-Ohio-5976, ¶ 9, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Provided there is a set of facts, consistent with the complaint, under which the complaining party could recover, a court may not grant a motion to dismiss for failure to state a claim. *Prime Invests., LLC v. Altimate Care, LLC*, 10th Dist. No. 20AP-526, 2022-Ohio-1181, ¶ 23, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). However, a court need not accept as true any unsupported and conclusory legal propositions presented in the complaint. *Bullard v. McDonald's*, 10th Dist. No. 20AP-374, 2021-Ohio-1505, ¶ 11, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 25} A court may take judicial notice of facts not subject to reasonable dispute insofar as they affect the current original action. *See State ex rel. Ohio Republican Party v. Fitzgerald*, 145 Ohio St.3d 92, 2015-Ohio-5056, ¶ 18 (taking judicial notice of information presented in an unopposed motion and also available on a publicly accessible website); *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, ¶ 8 (finding that a court considering a motion to dismiss pursuant to Civ.R. 12(B)(6) properly took judicial notice of an entry attached to the motion in determining whether the mandamus claim was moot); Evid.R. 201(B). "Ohio courts may take judicial notice in 'writ action[s] without converting * * * [a] dismissal motion to a motion for summary judgment.' " *State ex rel. Mobley v. O'Donnell*, 10th Dist. No. 20AP-193, 2021-Ohio-715, ¶ 9, quoting *State ex rel.*

*Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). *See Pearson v. Columbus*, 10th Dist. No. 14AP-313, 2014-Ohio-5563, ¶ 17, citing *State ex rel. Everhart v. McIntosh*, 115 Ohio St.3d 195, 2007-Ohio-4798, ¶ 10 (stating that a court is permitted to "take judicial notice of 'appropriate matters' in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment"). With regard to actions in procedendo, a court is permitted to consider the record of the trial court and judicial decisions provided by the respondent in determining whether the respondent has already performed the act sought in the complaint. *State ex rel. Sevilla v. Cocroft*, 10th Dist. No. 21AP-167, 2021-Ohio-4280, ¶ 6.

## B. Procedendo

{¶ 26} In order to demonstrate entitlement to a writ of procedendo, a relator must establish: (1) a clear legal right to require the respondent to proceed, (2) a clear legal duty on the part of the respondent to proceed, and (3) the absence of an adequate remedy at law. *State ex rel. Yeaples v. Gall*, 141 Ohio St.3d 234, 2014-Ohio-4724, ¶ 20. "A writ of procedendo is proper when a court has refused to enter judgment or has unnecessarily delayed proceeding to judgment." *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, ¶ 7.

## C. Removal of Civil Actions to Federal Court

{¶ 27} The procedure for removal of cases from state courts to federal courts is found in 28 U.S.C. 1441 et seq. Under 28 U.S.C. 1446(a), "[a] defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." With regard to notice in the state court, 28 U.S.C. 1446(d) provides that "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. 1447 provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. * * * A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

{¶ 28} "A basic removal principle is that once the provisions of Section 1446(d), Title 28, U.S.Code have been met, the state court is divested of jurisdiction to proceed further until there has been a remand by the federal court." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, ¶ 12. *See Ruff v. Bakery, Confectionery, Tobacco Workers & Grain Millers & Industry Internatl.*, 10th Dist. No. 19AP-348, 2020-Ohio-2953, ¶ 10. Because the state court lacks jurisdiction following notice of removal, "any subsequent state court proceedings are without effect even if the federal court later determines that removal was not proper." *Borkowski* at ¶ 12. Once the matter has been remanded, "the state court's jurisdiction over the matter is revived." *Id.*

### D. Application

{¶ 29} Notwithstanding the convoluted allegations in relator's complaint, the resolution of this matter is straightforward. Relator sought a ruling from respondent on his June 21, 2021 motion for relief from judgment. Respondent issued a decision and entry denying that motion. Because respondent has issued the judgment sought in relator's complaint, procedendo will not lie. *State ex rel. Williams v. Croce*, 153 Ohio St.3d 348, 2018-Ohio-2703, ¶ 7 ("Procedendo will not compel the performance of a duty that has already been performed."). *See State ex rel. Fontanella v. Kontos*, 117 Ohio St.3d 514, 2008-Ohio-1431, ¶ 6; *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, ¶ 9. As a result, this action must be dismissed.

{¶ 30} Respondent contends relator has no right to relief because the question presented in this case is moot. Although relator acknowledges respondent's ruling on his motion for relief from judgment, he contends at length in his memorandum in opposition to the motion to dismiss that exceptions to mootness apply in this case, including that the issue is capable of repetition, yet evading review. Relator also refers to the voluntary cessation exception to mootness.

{¶ 31} An exception to mootness has been recognized if the issue or topic is capable of repetition, yet evading review. *Croce v. Ohio State Univ.*, 10th Dist. No. 20AP-14, 2021-Ohio-2242, ¶ 19. This exception applies "only in exceptional circumstances in which the following two factors are both present: (1) the challenged action is too short in its duration to be fully litigated before its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *State*

*ex rel. Calvary v. Upper Arlington*, 89 Ohio St.3d 229, 231 (2000), citing *Spencer v. Kemna*, 523 U.S. 1, 17-18 (1998). *See Bechtel* at ¶ 11. The Supreme Court of Ohio has recently discussed the so-called voluntary cessation exception in an appeal of a declaratory judgment action. *Highland Tavern, L.L.C. v. DeWine*, ___ Ohio St.3d ___, 2023-Ohio-2577, ¶ 29. Under this exception, "a party's voluntary cessation of a challenged practice ordinarily does not render the case moot unless the party can show that it is 'absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur.' " *Id.* at ¶ 25, quoting *Friends of the Earth, Inc. v. Laidlaw Environmental Servs.*, 528 U.S. 167, 190 (2000).

{¶ 32} Initially, the identified exceptions to mootness do not neatly fit with the purpose of and requirements for procedendo. The facts of this case help to illustrate this point. Respondent performed the action sought in relator's complaint in procedendo by issuing a decision and entry denying relator's motion for relief from judgment. Because of this, relator cannot establish an existing clear legal right to require the respondent to proceed or a clear legal duty on the part of the respondent to proceed. Thus, relator is unable to establish the elements required for the issuance of a writ of procedendo. Any relief afforded by a writ of procedendo would be in vain. While this matter could also be described as moot, because " ' "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome," ' " this description does not alter the fact that relator cannot establish entitlement to a writ of procedendo. *State ex rel. Gaylor, Inc. v. Goodenow*, 125 Ohio St.3d 407, 2010-Ohio-1844, ¶ 10, quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

{¶ 33} Regardless, no exception to mootness applies in this case. In the decision denying relator's motion for relief from judgment, the court found that it "lost jurisdiction of this case when the Notice of Removal was filed on May 23, 2018." (July 19, 2023 Decision at 4.) Therefore, "because this case has never been remanded," the court found that it "still does not have jurisdiction over [relator's] claims." (July 19, 2023 Decision at 4-5.) In a separate decision and entry issued that day, the court again noted that it no longer had jurisdiction and denied all of relator's outstanding motions. With nothing remaining to be ruled upon, it is not reasonable to expect a recurrence of the matter giving rise to the instant action in procedendo. Insofar as relator's arguments relate to disagreements with substance of the trial court's judgment, particularly his disagreement with the trial court's findings

regarding its jurisdiction, such arguments are not appropriately addressed in an action in procedendo. *Bechtel*, 2021-Ohio-1121, ¶ 10 (stating that procedendo does not lie to control the nature of the judgment issued by the court, but instead "can be used only to compel a judge to issue '*some* ruling.' " (Emphasis sic.)); *State ex rel. Grove v. Nadel*, 81 Ohio St.3d 325, 326 (1998) (stating that procedendo "does not attempt to control the inferior court about what the judgment should be").

## D. Conclusion

{¶ 34} Because respondent has already performed the action sought in relator's complaint, relator cannot establish entitlement to the extraordinary writ of procedendo. Accordingly, it is the decision and recommendation of the magistrate that respondent's motion to dismiss should be granted.

/S/ MAGISTRATE
JOSEPH E. WENGER IV

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.